## In re EVANISHYN.

District Court, S. D. New York.

April 8, 1939.

Samuel Robbins, of New York City, for petitioning-creditor.

David M. Schwartz, of New York City, guardian ad litem.

Samuel Newfield, of New York City, trustee.

HULBERT, District Judge.

At the time of the filing of the involuntary petition in bankruptcy in this proceeding, the address of the alleged bankrupt was stated therein to be Women's State Prison, Bedford Hills, New York, which is within this Judicial District.

It appears from an affidavit submitted by the attorney for the petitioning creditor that the alleged bankrupt was on March 25, 1939, transferred from the Women's State Prison and committed to Matteawan State Hospital, Beacon, New York, also within this Judicial District.

Chapter 4, Section 18 of the Bankruptcy Act, Title 11 U.S.C.A. Chap. 4, Section 41, provides: "Upon the filing of a petition for involuntary bankruptcy, service thereof, with a writ of subpœna, shall be made upon the person therein named as defendant in the same manner that service of such process was had on July 1, 1898, upon the commencement of a suit in equity in the courts of the United States * * *."

Equity Rule 15, following section 723, Title 28 U.S.C.A., provides: "The service of all process, mesne and final, shall be by the marshal of the district, or his deputy, or by some other person specially appointed by the court for that purpose, and not otherwise. In the latter case, the person serving the process shall make affidavit thereof."

This Rule is practically the same as old Rule 15 and its predecessor 14.

General Order in Bankruptcy, No. 37, adopted January 16, 1939, effective February 13, 1939, 11 U.S.C.A. following section 53, provides: "In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States [28 U.S.C.A. following section 723c] shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be."

Federal Rules of Civil Procedure, Rule 4(c), provides: "Service of all process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose, except that a subpœna may be served as provided in Rule 45. Special appointments to serve process shall be made freely when substantial savings in travel fees will result."

Rule 45(c) provides: "A subpœna may be served by the marshal, by his deputy, or by any other person who is not a party and is not less than 18 years of age."

It appears that if the United States Marshal is required to service the process herein his charge will be $15 and the assets are meager. The attorney for the petitioner creditor requests an order that he be authorized to make the required service. In my opinion an attorney stands in the same relationship as a party. The Court will designate any suitable person over the age of 18 years. It ought to be possible to secure some person residing at Beacon, New York, and avoid the railroad fare from New York to that point and return.