HIDDEN WELLS RANCH, INC., A NEVADA CORPORATION, APPELLANT, v. STRIP REALTY, INC., A NEVADA CORPORATION, RESPONDENT.

No. 5162

March 30, 1967 425 P.2d 599

*Jones, Wiener & Jones,* of Las Vegas, for Appellant.

*John Peter Lee,* of Las Vegas, for Respondent.

# O P I N I O N

By the Court, COLLINS, J.:

This is an appeal from an order of the trial court granting respondent's motion for summary judgment. We believe that the order was in error and remand for further proceedings.

In 1962 appellant purchased real property known as the Hidden Wells Ranch. Respondent acted as real estate broker on this transaction. In 1964 appellant, through the brokerage efforts of respondent, sold Hidden Wells Ranch to Nevada Land and Mortgage Company. The purchaser assumed an outstanding obligation against the property and executed a second deed of trust to the seller for the balance of the purchase price. No money exchanged hands on this transaction. Nevada Land and Mortgage Company breached its purchase contract, paid no money under the second deed of trust, and the property was bid in by appellant at the trustee's sale.

Prior to default, oral conversations were had between appellant and respondent regarding real estate sales commissions. It was then agreed that appellant would pay, and did pay, respondent $15,000 as the commission earned on its initial purchase of the ranch in 1962. The controversy arises over the agreement relating to the commission to be paid on the sale of the ranch by appellant to Nevada Land and Mortgage Company in 1964. The amount of the commission, $10,-118.50, is not in dispute, but disagreement exists whether the agreement establishes that the commission payment is to be considered a presently existing obligation to be paid by appellant to respondent regardless of default by purchaser Nevada Land and Mortgage Company (see Engel v. Wilcox, 75 Nev. 323, 340 P.2d 93 (1959)) or whether liability for the commission was conditioned (precedent) upon payment by the purchaser of all or at least two installments under the promissory note secured by the deed of trust (see Fitch v. LaTourrette, 75 Nev. 484, 346 P.2d 704 (1959).

The trial court granted summary judgment in favor of respondent, holding that there was no genuine issue as to any material fact and respondent (plaintiff below) was entitled to judgment as a matter of law for $10,118.50, together with certain interest payments. In reaching this conclusion the trial

court ruled that the contract of the parties was established by Exhibit B offered by respondent and that an affidavit by I. P. LaRue, Jr., on behalf of appellant and in opposition to Exhibit B, "did not rebut" respondent's exhibit. The trial court ruled as a matter of law that respondent's Exhibit B was the contract of the parties, although signed only by appellant. I. P. LaRue's affidavit, on the other hand, contends the oral agreement establishes the contract of the parties and that Exhibit B is merely some evidence of the contract. The trial court in granting summary judgment to respondent passed upon the weight and credibility of the affidavits and exhibits of the respective parties when it ruled, "Rule 56 and the interpretations thereof provide that an affidavit by a person competent as a witness to testify as to certain matters in controversy is conclusive." This may not be done. We said in Short v. Hotel Riviera, Inc., 79 Nev. 94, at 103, 378 P.2d 979 (1963), "In 6 Moore Federal Practice, 2070, it is said that in such motions 'the trial court should not pass upon the credibility of opposing affidavits, unless the evidence tendered by them is too incredible to be accepted by reasonable minds.' And the burden of establishing the lack of triable issue of fact is upon the moving party. 6 Moore, Federal Practice, 2070." Accord, Aldabe v. Adams, 81 Nev. 280, at 285, 402 P.2d 34 (1965). Generally speaking, then, the trial judge may not in granting summary judgment pass upon the credibility or weight of the opposing affidavits or evidence. That function is reserved for the trial. On a summary judgment motion the court is obligated to accept as true all evidence favorable to the party against whom the motion is made. Turner v. Redfield, 82 Nev. 273, 416 P.2d 233 (1966); Catrone v. 105 Casino Corp., 82 Nev. 166, 414 P.2d 106 (1966); Franktown v. Marlette, 77 Nev. 348, 364 P.2d 1069 (1961); Parman v. Petricciani, 70 Nev. 427, 272 P.2d 492 (1954).

A genuine issue of facts exists as to the contract of the parties regarding payment of the commission. The affiadvit of I. P. LaRue, Jr., on behalf of appellant, contends the contract is the oral agreement of the parties made in December 1963 when affiant states it was agreed a commission would be paid "only if, as and when such payments [on the promissory note and security from Nevada Mortgage Company to appellant] were made." Under the authority cited above, this contention must be accepted by the trial court as true in passing upon the motion. Instead, the trial court ruled that Exhibit B was the parties' contract, and affidavits and other exhibits

on behalf of respondent were "conclusive." The record does not show that Exhibit B ripened into a contract, and the lower court's contrary finding is, we think, clearly erroneous.

Reversed and remanded for trial.

THOMPSON, C. J., and ZENOFF, J., concur.