JUGOLINIJA, Plaintiff,

v.

**BLUE HEAVEN MILLS, INC., Defendant.**

No. CV486–093.

United States District Court, S.D. Georgia, Savannah Division.

Oct. 24, 1986.

**14**

Gus R. Dubus, III, Savannah, Ga., for plaintiff.

Jay E. Loeb, Atlanta, Ga., and Harold B. Yellin, Savannah, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Before the Court is defendant Blue Heaven Mills' Motion for Leave to Amend Answer with Counterclaim. Defendant seeks this amendment in order to assert the defense of insufficiency of service of process.

## BACKGROUND

In initiating this admiralty action, plaintiff sought to effect service by mail pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). Receiving no response within twenty days, plaintiff's attorney personally served the president and registered agent of the defendant corporation on May 12, 1986 at the corporation's registered office. On May 27, 1986, defendant answered the complaint and counterclaimed. The answer included, *inter alia*, the following language: "Defendant denies that this Court has venue and jurisdiction over Defendant." Insufficient service of process was not specifically addressed in the answer.

On September 29, 1986, defendant filed the motion that is now before the Court, seeking to amend its answer in order to assert insufficiency of process as a defense. In its motion, the defendant claims that it communicated to the plaintiff on several occasions over the past few months its belief that this Court lacks personal jurisdiction over defendant because of the improper method by which plaintiff effected service. Defendant apparently concedes that the plaintiff complied with the mandates of Federal Rule of Civil Procedure 4(c)(2)(C)(ii) (addressing service by mail) and Rule 4(d)(3) (dealing with service of process upon a corporation). However, defendant contends that plaintiff failed to comply with Rule 4(c)(2)(A), this section allowing for service of a summons and complaint by "any person who is not a party and is not less than 18 years of age." Defendant's position appears to be that a party's attorney, because the latter is a party's agent or an "interested person," is not within the class of persons permitted by Rule 4(c)(2)(A) to serve a summons and complaint. In its motion, defendant urged the Court to allow amendment of the answer pursuant to Rule 15 in order to assert its insufficiency of service defense, arguing that "justice so requires."

Plaintiff responded, claiming that defendant never discussed the allegedly defective service of process with the plaintiff, objecting to amendment at this late date, and maintaining that service was proper in all respects. In a supplemental brief relating to the instant motion, defendant cited the case of *Sieg v. Karnes*, 693 F.2d 803 (8th Cir.1982), as authority for the proposition that a party's attorney is not permitted to effect service under the Federal Rules of Civil Procedure. Further, defendant maintained in this brief that even if its motion to amend is denied, the defense of insufficiency of process has not been waived because defendant *did* assert in its answer that the "Court lacks venue and jurisdiction over the defendant." Finally, defendant cites *Leab v. Streit*, 584 F.Supp. 748 (S.D.N.Y.1984), as supportive of defendant's contention that it has not waived the defense of lack of personal jurisdiction/insufficiency of service of process.

## ANALYSIS

The Court is not at all convinced that "justice requires" amendment pursuant to Rule 15 of the defendant's answer at this late date. In fact, justice would probably militate against such amendment. Inquiry into this matter, however, as will be more fully explained, *infra,* is unnecessary.

As to the matter of waiver, plaintiff has correctly pointed out that the defense of insufficiency of process is waived if not included in the responsive pleading or Rule 12 motion. *Pila v. G.R. Leasing and Rental Corp.,* 551 F.2d 941 (1st Cir.1977).[1] Defendant contends that its responsive pleading did preserve its insufficiency of service defense. In this regard, defendant contends that the motion to amend is simply for purposes of clarification, because the language of the answer (that the Court "lacks venue and jurisdiction over the defendant") is "broad enough in scope" to include an objection to the method of service. The question whether an ambiguous objection such as the one quoted will suffice to preserve a defense of insufficiency of service of process is an interesting one, see *Alger v. Hayes,* 452 F.2d 841 (8th Cir. 1972), as is the question whether the failure to pursue in a timely fashion a defense raised in a responsive pleading can lead to waiver. *See generally Reliable Tire Distribs. v. Kelly Springfield Tire Co.,* 623 F.Supp. 153, 155–56 (E.D.Pa.1985); *Burton v. North Dutchess Hospital,* 106 F.R.D. 477 (S.D.N.Y.1985). As with the matter of amendment, however, these questions need not be addressed in this Order.

The need for inquiries into any of the foregoing matters is obviated by the Court's determination that service of process in this case was proper and that personal jurisdiction over the defendant has been validly acquired. As defendant has pointed out, *Sieg v. Karnes, supra,* is a case that antedates the 1983 amendments to Fed.R.Civ.P. 4. Moreover, that case addressed the question whether an attorney was authorized to serve process under the state law there involved.

"The Federal Rules were amended in 1983 to reduce the role of federal marshals in the service of process in most civil actions." *Madden v. Cleland,* 105 F.R.D. 520, 522 (N.D.Ga.1985). As amended, Rule 4 no longer includes restrictive language with respect to the classes of persons who are permitted to serve process. A summons and complaint now may be served by "any person who is not a party and is not less than 18 years of age." The Court has found no case law dealing with the matter raised by the defendant. It may be that allowing for service of a summons and complaint by a party's attorney is inappropriate or undesirable in certain respects. In the absence of any authority supporting defendant's position, however, this Court declines to read limitations onto the clear wording of Fed.R. Civ.P. 4(c)(2)(A), and finds that a party's attorney may serve a summons and complaint in accordance with the Federal Rules.

Therefore, there is no need for the requested amendment of the defendant's answer with counterclaim, and the defendant's motion to amend is DENIED.

---

1. *Leab v. Streit, supra,* stands simply for the proposition that a valid judgment cannot be rendered against a party over whom a court has no in personam jurisdiction, and that personal jurisdiction can be acquired only where 1) the defendant voluntarily appears in the action, or 2) process is validly served upon the defendant. In *Leab,* service was improper and the defendant neither filed a Rule 12 motion nor answered. Defendant here has argued, in reliance on the cited case, that: "Even if Blue Heaven Mills had failed to answer plaintiff's complaint at all, it would still be entitled to move for an order vacating the judgment for failure to obtain in personam jurisdiction over the party." This argument begs the question, and is of little value in determining whether process was validly served, or whether the defendant, having voluntarily appeared, waived jurisdictional objections. Indeed, the fact that the defendant here *did* answer without specifically objecting to the method of service adds to its burden in attempting to prove that this Court lacks personal jurisdiction over the defendant.