JOHN FLANGAS, CARMEN FLANGAS, ANGELO TOGNONI AND EMELIA TOGNONI, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 17735

August 25, 1988                                            760 P.2d 112

*Stephens, Kosach, Knight* and *Edwards,* Reno, for Appellants.

*Brian McKay,* Attorney General, *William Raymond,* Deputy Attorney General, and *Michael G. Chapman,* Deputy Attorney General, Carson City, for Respondent.

---

## OPINION

*Per Curiam:*[1]

In 1983 the State of Nevada condemned part of the property owned by appellants Flangas and Tognoni. The district court granted the State's motion for partial summary judgment and ordered that evidence of an addendum to the property's lease between appellants and their lessee be withheld from the jury. The jury awarded $95,000.00 to appellants based on the property's original lease.

Appellants contend that the district court erred in granting partial summary judgment because the addendum was a valid modification of the lease. We agree and vacate the judgment of the district court.

Appellants leased their property to a retail tire dealership. The State commenced a condemnation proceeding to acquire 6,061 square feet along one side of the property. The property's original lease, then in its fourth of five years, provided for rent of $0.40 per square foot. Appellants and their tenant, however, negotiated an addendum shortly after entering into the lease that extended its term to ten years, with a $0.25 per square foot rent for the first five years and $0.55 per square foot rent for the second five years. Appellants and the lessee placed a date on the addendum that preceded the lease's effective date. Moreover, the addendum was signed by the president of the leasing company individually and without notice of his corporate position. Because of these

---

[1]THE HONORABLE E. M. GUNDERSON, Chief Justice, voluntarily disqualified himself from the case.

irregularities in the addendum's formalities, the district court granted the State's motion for partial summary judgment and ordered that evidence of the addendum be withheld from the jury.

The State presented uncontroverted appraisal evidence that the fair rental value of the property was $0.40 per square foot. The appraisal disregarded the addendum's second five-year term and only considered the original five-year lease at $0.40 per square foot. The appraisal recommended awarding $90,000.00 as just compensation. Based on the property's original lease and the State's appraisal, the jury awarded $95,600.00 to appellants.

Appellants contend the district court erred in granting partial summary judgment because the evidence showed the addendum was a valid and enforceable modification of the lease. On a summary judgment motion the district court is obligated to accept as true all evidence favorable to the party against whom the motion is made. *See* NRCP 56; Hidden Wells Ranch v. Strip Realty, 83 Nev. 143, 425 P.2d 599 (1967). The record shows that both parties to the lease abided by the addendum for four years and both believed themselves bound by it. While there is no express ratification of the addendum in the record by the leasing corporation, the record does not support the conclusion that the addendum was not a valid and enforceable modification of the property's lease. Although the backdated addendum was executed after the lessee took possession of the property, there is no evidence suggesting that the addendum was backdated for an improper purpose. The district court erred in granting partial summary judgment because the evidence indicated that the addendum was valid.

The district court held that because of NRS 47.240(2) it must be conclusively presumed that the dates on the addendum established that it was created at a time when the lessee did not have an interest in the property. NRS 47.240(2) creates a conclusive presumption that the facts recited in a written instrument between the parties are true. NRS 47.250(12), however, provides that the fact that a writing is truly dated is a disputable presumption. As the date of the addendum was in dispute by the State but not as between the parties thereto, the district court erred in granting partial summary judgment based on NRS 47.240(2).

In determining market value, sellers and prospective purchasers would consider the additional rent already negotiated and due over the addendum's second five years. The addendum should have been admitted and considered in calculating the fair market value of appellants' property. The district court erred in excluding the addendum as evidence. We vacate the district court

judgment and remand for a new trial on damages, unless the court is able to compute with mathematical certainty, based upon the formula previously used by the jury in making its award, the appropriate amount of the revised judgment using the increased rental rate specified in the addendum, in which case, the district court shall enter judgment accordingly.

