901 F.2d 1130
 284 U.S.App.D.C. 78
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Bernard H. DORNBUSCH
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Karl L. Dahlstrom,
Appellant.
 No. 88-1802.
 United States Court of Appeals, District of Columbia Circuit.
 April 20, 1990.
 
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States Tax Court and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the judgment of conviction be affirmed for the reasons stated in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Karl L. Dahlstrom challenges his conviction for criminal contempt resulting from his noncompliance with subpoenas issued by the United States Tax Court. Contrary to Dahlstrom's assertion, the plain language of Tax Court Rule 147(c) prohibits only a party, not a party's representative, from serving process. See Trustees of Local 727 P.F. v. Perfect Parking, 126 F.R.D. 48, 51-52 (N.D.Ill.1989); CFTC v. American Metal Exch. Corp., 693 F.Supp. 168, 186 (D.N.J.1988); Jugolinija v. Blue Heaven Mills, Inc., 115 F.R.D. 13, 15 (S.D.Ga.1986) (the phrase "any person who is not a party" in Fed.R.Civ.P. 4(c)(2)(A) does not prohibit service by a party's representative).
 
 
 5
 Furthermore, the court was not required to notify Dahlstrom or to hold a hearing on his motion to quash prior to ruling on it. See Tax Court Rule 50(b)(2). Nor did Dahlstrom's lodging of a premature notice of appeal of the court's order denying his motion to quash deprive the court of jurisdiction. See In Re Sealed Case, 754 F.2d 395, 399 (D.C.Cir.1985); Venen v. Sweet, 758 F.2d 117, 121 (3d Cir.1985). The court's actions did not invoke any automatic stay provisions of the Federal Rules of Civil Procedure, as these rules do not apply to Tax Court proceedings. See Lasky v. Commissioner, 235 F.2d 97, 98 (9th Cir.1956), aff'd, 352 U.S. 1027 (1957) (per curiam).
 
 
 6
 Dahlstrom's remaining arguments concerning the alleged illegality of his arrest and the insufficiency of the evidence are without merit. Even if the warrant for Dahlstrom's arrest No. 88-1802, Dornbusch v. Commissioner of Internal Revenue was unsupported by oath or affirmation, on which the record is unrevealing, such a defect would not bar his subsequent prosecution or conviction. See United States v. Crews, 445 U.S. 463, 474 (1980). Similarly, there was evidence that Dahlstrom received both the subpoenas and the court's subsequent order mandating compliance, but nonetheless refused to comply. Such evidence was sufficient to support an inference of willfulness. Finally, Dahlstrom's good faith belief that his filings made compliance with the order unnecessary is unavailing. See United States v. Holland, 810 F.2d 1215, 1222 (D.C.Cir.), cert. denied, 481 U.S. 1057 (1987).