DONALD SAWYER, Individually and dba THE TOPPINGTON GROUP, Appellant, v. SUGARLESS SHOPS, INC., a Nevada Corporation, Respondent.

No. 19661

May 4, 1990 792 P.2d 14

[Rehearing denied October 18, 1990]

*Hilbrecht & Associates* and *Anthony J. D'Olio,* Las Vegas, for Appellant.

*Gibbons, Berman & Wolfson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal seeks relief from a summary proceeding concluded in favor of respondent Sugarless Shops, Inc. (Sugarless) and an underlying default judgment allegedly secured by Sugarless without effectuating valid service of process. Convinced that appellant's position has merit, we reverse.

### Facts

This is the second Nevada action involving these parties and facts. In the original action, Sugarless filed a complaint alleging that appellant Donald Sawyer (Sawyer), a California resident doing business as the Toppington Group, breached an oral agreement to provide financing for Sugarless in exchange for an interest in the company.

Out of concern that Sawyer would attempt to avoid service of process, Sugarless engaged California counsel and instructed counsel to take extra precautions to effect valid service of process upon Sawyer. California counsel instructed his secretary to put the summons and complaint in a sealed manilla envelope[1] and give the messenger service instructions to have two persons present when Sawyer was served. The record contains affidavits from counsel's secretary that she placed the summons and complaint in the envelope, sealed it, and then gave it to the messenger with instructions and Sawyer's business address.

---

[1]Counsel, who admitted that he was a tax specialist and was not fully versed in the intricacies of litigation, explained that he thought that the sealed envelope was a convention used by the firm to avoid undue embarrassment to the person being served.

The process server and the witness went to Sawyer's office and delivered the sealed manilla envelope to a man who was allegedly identified as Sawyer. No mention was made to this individual that he was being served or that the envelope contained legal papers. Delivery was made like any of the myriad, mundane deliveries which occur in the daily course of business. The server later testified that he thought the service procedure was unusual and admitted that although he was told that the envelope he delivered contained a summons and complaint, he did not personally know what was in the manilla envelope he handed to the individual who supposedly was Sawyer.

Sawyer subsequently failed to answer or appear and Sugarless obtained a default judgment against Sawyer for $495,000.00. Six months after default was taken, Sawyer received the notice of default. Sawyer diligently but unsuccessfully attempted to have the matter removed to federal court and the default judgment set aside.[2] After these attempts to invoke the more generous federal default provisions failed, and fearing that further delay might give rise to equitable defenses, Sawyer instituted this independent equitable action in the court below.

## Standard of Review

The parties agree, and we concur, that for the purposes of our review, this matter should be treated as an appeal from a grant of summary judgment. The rules governing our review of summary judgments are strict and well established. Shepard v. Harrison, 100 Nev. 178, 179, 678 P.2d 670, 672 (1984). Summary judgment can only be granted when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Wiltsie v. Baby Grand Corp., 105 Nev. 291, 774 P.2d 432, 433 (1989). Hence, summary judgment is necessarily foreclosed if there is the slightest doubt as to the operative facts. Mullis v. Nevada National Bank, 98 Nev. 510, 654 P.2d 533 (1982).

Moreover, it is well settled that documentary evidence must be construed in the light most favorable to the non-moving party. Hoopes v. Hammargren, 102 Nev. 425, 429, 725 P.2d 238, 241 (1986). All of the non-movant's statements must be accepted as

---

[2]Believing that he would not be able to attack the default in Nevada because six months had run since entry of default had occurred, Sawyer attempted to remove the matter to federal .court on the basis of diversity jurisdiction. He intended to use the more generous one year time provision for setting aside default contained in Rule 60 of the Federal Rules of Civil Procedure. After a long and tortuous process, his removal attempt was unsuccessful for technical reasons.

true and a district court may not pass on the credibility of affidavits. Hidden Wells Ranch v. Strip Realty, 83 Nev. 143, 145, 425 P.2d 599, 601 (1967).

Based on the above standard, we perceive two defects in the proceedings below, each of which is sufficient to mandate reversal of the summary judgment. First, the record and the affidavits disclose at least one genuine issue of material fact about whether service was effected in the original action. Second, there is apparently no single individual who is unaffiliated with Sugarless or disinterested in the outcome of the case who can swear with personal knowledge that service was accomplished. In the absence of competent evidence of service, a court is without jurisdiction to enter a default or a default judgment.

## Discussion

Nevada's general policy favors the resolution of disputes on their merits rather than by default. Yochum v. Davis, 98 Nev. 484, 487, 653 P.2d 1215, 1217 (1982); Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 563, 598 P.2d 1147, 1149 (1979). For reasons hereinafter specified, the instant case is not amenable to summary disposition and must be determined according to the merits.

Our review of the record discloses at least one genuine issue of material fact concerning whether Sawyer received the summons and complaint. This implicates the question of whether personal jurisdiction was in fact properly obtained in the original action.

Both parties submitted conflicting affidavits. Sugarless presented several affidavits tending to show that Sawyer got an envelope and that the envelope contained the summons and complaint. In contrast, Sawyer contends that he was never served. And, on the day he was allegedly served, he assertedly had other engagements which took him out of his office at the time and on the day the service was allegedly made. Sawyer also stated that the facts as represented by Sugarless surrounding the alleged service and the underlying financing agreement were incorrect and that it was his belief that he had several meritorious defenses to Sugarless' claims. Despite Sawyer's affidavit, the district court granted summary judgment to Sugarless and Sawyer appealed.

If Sawyer's affidavit is accepted as true, as it must be for our purposes here, at least one genuine issue of material fact immediately surfaces. In an action for relief from a default based upon an allegedly defective service of process, the resultant issue of fact is material. Summary judgment is not a trial by affidavit. On this record, it is clear that factual inquiries are necessary in determining the truth of the conflicting allegations.

Sugarless attempts to sustain the district court's decision by reliance on Aldabe v. Adams, 81 Nev. 280, 402 P.2d 34 (1965). This reliance is misplaced. In *Aldabe,* the nonmoving party was attempting to use a conflict in its own statements to raise a genuine issue of material fact for trial. The *Aldabe* court properly held that one cannot modify his or her own statements in an effort to create a genuine issue and to avoid summary judgment. *Id.* at 282, 402 P.2d at 35. In contrast to *Aldabe,* the conflict here arises from the affidavits of the two parties and concerns a material fact, a classic impediment to summary judgment.[3]

Sugarless then attempts to finesse the difficulty involved in granting summary judgment on this record by contending that Sawyer perjured himself in his affidavit. Essentially, its claim is that the overwhelming weight of authority favors a finding of proper service and therefore the district court appropriately granted summary judgment. This position required the district court to improperly rule on the credibility of the parties and the weight to be given their respective evidence, and is reason alone for reversal. Parman v. Petricciani, 70 Nev. at 436, 272 P.2d at 496 (1954).

In addition to the foregoing, we perceive another defect in the proceedings below. There is no disinterested party with personal knowledge of the service of process. This problem is fatal to the original default and not just the summary judgment in question here. The two affiants who allegedly served Sawyer or someone claiming to be Sawyer, were unaware of the nature of the documents contained in the sealed envelope. Evidence concerning the contents of the envelope could be supplied only by an employee of the California attorney representing Sugarless. In order to establish the fact of service, Sugarless necessarily relied upon a combination of disinterested "servers" and an interested secretary to its California counsel.

Nevada has long had rules prohibiting service by a party. Nevada Cornell Silver Mines v. Hankins, 51 Nev. 420, 429-432, 279 P. 27, 29-30 (1929). This was a common law requirement

---

[3]Sugarless also attempts to bolster the summary judgment by saying that the default has already been given full faith and credit in California and has survived a collateral attack based on identical facts asserted here. Felicitous comity by a sister state cannot validate a void Nevada judgment or a judgment which this court subsequently determines to have been improperly obtained. The fact that Sawyer may lose his home as a result of a Nevada default judgment is an even more compelling reason for this court to ensure that default was properly entered.

and has not been changed by statue. *Id.* There are obvious and sound policy reasons for this prohibition. The primary justification, as illustrated by the facts of this case, is that service many times becomes a battle of credibility and testimony. Something as fundamental and decisive as service is best taken away from the parties or their counsel or counsel's employees. Applying this prohibition to the facts of this case, Sugarless cannot establish that proper service took place by a disinterested party; the default judgment is therefore void.

Additionally, the district court did not obtain jurisdiction by any of Sawyer's subsequent appearances. The rule in Nevada is that subsequent appearances by parties do not create jurisdiction after the fact when jurisdiction did not exist previously. Doyle v. Jorgenson, 82 Nev. 196, 414 P.2d 707 (1966); Perry v. Edmonds, 59 Nev. 60, 84 P.2d 711 (1938). In *Doyle,* the court said:

> Parenthetically, a more difficult question is whether a waiver after judgment also may be applied retroactively so as to cure initial defects and render proper an otherwise void judgment. The authorities differ. Nevada has followed the minority position and refused to retroactively apply general appearances after judgment. (Citations omitted.)

*Id.* at 201-202, 414 P.2d at 710.

Clearly, Sawyer's post default appearances do not retroactively grant jurisdiction to the court. Both logic and Nevada authority indicate that the appearances made by Sawyer would not validate a default judgment otherwise void for lack of service. To hold otherwise would leave Sawyer and other similarly situated defendants remediless against default judgments taken against them without a jurisdictional basis. Moreover, Sawyer's appearances in federal court were an assertion of his federal rights and did not affect his status as a party in the state court. Alitalia-Linee Aeree v. District Court, 92 Nev. 638, 641, 556 P.2d 544, 545-546 (1976).

Because the summary judgment was improper and the default void for lack of jurisdiction, we need not decide whether the elements for an independent equity action were satisfied or whether the independent action is barred by *res judicata.* Also, Sawyer's diligent and prompt efforts in federal court, forced upon him by Sugarless' notice strategy, negates any equitable defenses Sugarless raises. Therefore, there is no merit in the assertion that

Sawyer's claims are barred by the equitable doctrines of laches or unclean hands.

The summary judgment entered below is reversed and the entry of default and default judgment entered against Sawyer is vacated.

YOUNG, C. J., STEFFEN, SPRINGER and MOWBRAY, JJ., and GUNDERSON, Sr. J.,[4] concur.