134 Nev., Advance Opinion 89

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JIM MCGOWEN, TRUSTEE OF MCGOWEN & FOWLER, PLLC, Petitioner, vs. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE DAVID A. HARDY, DISTRICT JUDGE, Respondents, and STEVEN B. CRYSTAL, INDIVIDUALLY AND AS TRUSTEE OF THE BARBARA L. CRYSTAL DECEDENT TRUST, Real Party in Interest. | No. 73312 |



FILED

NOV 21 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to quash service of summons and complaint.

*Petition denied.*

Snell & Wilmer, LLP, and William E. Peterson, Janine C. Prupas, and Carrie L. Parker, Reno,
for Petitioner.

Woodburn & Wedge and W. Chris Wicker and Dane W. Anderson, Reno,
for Real Party in Interest.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, HARDESTY, J.:

Petitioner Jim McGowen was served with a summons and complaint by the attorney or an employee of the plaintiff's counsel. In this

writ proceeding, we must determine whether a plaintiff's attorney or the employee of a plaintiff's attorney may serve a summons and complaint on a defendant. Based on the plain language of NRCP 4(c) and federal decisions interpreting the federal analog to Nevada's rule, we conclude that a plaintiff's attorney or an employee of the attorney may serve a summons and complaint; thus, we deny McGowen's petition.

## FACTS AND PROCEDURAL HISTORY

McGowen is a partner in the law firm of McGowen and Fowler, PLLC, and is licensed to practice law in Texas, where he lives and works. Ron Bush, a party to an unrelated artwork dispute in which McGowen's client has an interest, invited McGowen to attend a settlement conference in Nevada. When McGowen traveled to Nevada to attend the settlement conference on behalf of his client, Bush's attorneys told McGowen that there was a deposition taking place the same morning that would be of interest to McGowen. After the deposition concluded, McGowen was served with a summons and complaint. McGowen claims that he was served by W. Chris Wicker, the attorney for the plaintiff in the complaint. Wicker claims that Dianne Kelling, an assistant at Wicker's firm, served the summons and complaint upon McGowen. The complaint alleged that McGowen improperly purchased valuable artwork in which Wicker's client, real party in interest Steven B. Crystal, had a security interest.

McGowen moved to quash service and dismiss the case, and requested sanctions. McGowen argued that under NRCP 4(c), service cannot be made by plaintiff's counsel or an employee of plaintiff's counsel because they are not disinterested persons. As further support, McGowen cites *Sawyer v. Sugarless Shops, Inc.*, which stated that "[s]omething as fundamental and decisive as service is best taken away from the parties or their counsel or counsel's employees." 106 Nev. 265, 270, 792 P.2d 14, 17

 

(1990). McGowen also argued that service was improper because his physical presence in Nevada was procured by trickery and deceit.

The district court found that Kelling, the employee of the plaintiff's attorney, served McGowen. The district court denied McGowen's motion to quash, concluding that NRCP 4(c) does not prohibit service by an employee of the plaintiff's attorney as the language of the rule allows service "by any person who is not a party and who is over 18 years of age." The district court also distinguished the holding in *Sawyer*, concluding that it was abrogated when NRCP 4 was subsequently amended to expressly require service by a non-party. The district court also found that McGowen voluntary entered the jurisdiction for business purposes on behalf of a client and was not induced to appear by trickery and deceit. McGowen petitions this court for a writ of mandamus directing the district court to vacate its order and to enter an order granting his motion to quash service of process.

## DISCUSSION

### We elect to consider the writ petition

As a preliminary issue, we must determine whether to entertain the petition for writ relief. "This court has original jurisdiction to issue writs of mandamus and prohibition." *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 184, 273 P.3d 861, 864 (2012); Nev. Const. art. 6, § 4. "A writ of mandamus is available to compel the performance of an act which the law . . . [requires] as a duty resulting from an office, trust or station, or to control a manifest abuse or an arbitrary or capricious exercise of discretion." *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 907-08 (2008) (alteration in original) (footnote and internal quotation marks omitted).

 

Because a writ petition seeks an extraordinary remedy, we have discretion whether to consider such a petition. *Cheung v. Eighth Judicial Dist. Court*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005). Extraordinary writ relief is generally only available where there is no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). However, despite an available legal remedy, we may still entertain a petition for writ relief "where the circumstances reveal urgency and strong necessity." *Barngrover v. Fourth Judicial Dist. Court*, 115 Nev. 104, 111, 979 P.2d 216, 220 (1999). Additionally, we may entertain writ petitions "where considerations of sound judicial economy and administration militate[ ] in favor of granting such petitions." *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1344, 950 P.2d 280, 281 (1997).

McGowen argues that he does not have a plain, speedy, or adequate remedy at law because although he may ultimately appeal the district court's decision at the end of the case, he will have wasted vast amounts of resources litigating a case the district court might not have jurisdiction over. McGowen contends that he does not have sufficient minimum contacts to justify jurisdiction under Nevada's long arm statute, meaning that there would be no jurisdiction in Nevada if there was a defect in the service of process. McGowen further argues that there are no disputed factual issues, because the only disputed fact—whether the plaintiff's attorney or his employee served McGowen—is immaterial to answering the legal question raised in the petition. Finally, McGowen argues that his petition should be considered because Nevada caselaw and the Nevada rules of civil procedure appear to have a conflict which requires a clarification from this court. Crystal argues that this court should not

entertain McGowen's writ petition because the language of NRCP 4(c) is unambiguous and no genuine legal issue exists.

We agree with McGowen that Nevada caselaw and NRCP 4(c) appear to conflict on the issue of whether an attorney or his or her employee may effect service of process, and we elect to consider McGowen's writ petition in order to answer this question. Additionally, judicial economy is benefitted by answering the question of whether the district court has jurisdiction over McGowen at the outset of the matter.

*NRCP 4(c) does not prohibit service of process by a plaintiff's attorney or the attorney's employee*

NRCP 4(c) states that "[p]rocess shall be served . . . by any person who is not a party and who is over 18 years of age." McGowen argues that *Sawyer* prohibits service by a plaintiff's attorney and the attorney's employees and notes that when NRCP 4(c) was amended in 2004, the committee notes cited *Sawyer*. McGowen argues that this means the committee intended to codify *Sawyer*, rather than abrogate it, and that the word "party" in NRCP 4(c) follows *Sawyer*'s definition, which includes the attorney for the plaintiff and his or her employees. McGowen cites to the drafter's note, which indicates that the amendment was intended to be consistent with Nevada's common law rule that a process server must be a "disinterested person." *See* NRCP 4 drafter's note (2004 amendment).

Crystal argues that the district court was correct in its conclusion that service by the employee of the plaintiff's attorney was valid, because it does not violate the plain language of NRCP 4(c). Crystal contends that when this court amended NRCP 4(c) to expressly require service by a non-party, it superseded previous common law. Crystal contends that although the drafter's note to the current rule cites *Sawyer*, *Sawyer* is factually distinguishable from the present matter and did not

 

create a bright-line rule prohibiting service from an attorney or attorney's employee. Crystal argues that the *Sawyer* opinion merely said, in dicta, that "service is *best* taken away from the parties or their counsel or counsel's employees." 106 Nev. at 270, 792 P.2d at 17 (emphasis added). Crystal finally argues that the federal rule regarding service of process is nearly identical to the Nevada rule, but that federal courts have interpreted its phrase "[a]ny person who is . . . not a party" to allow service by an attorney or employee of an attorney. FRCP 4(c)(2).

Although the language of NRCP 4(c) plainly states that process may be effected "by any person who is not a party and who is over 18 years of age," the drafter's note to the 2004 amendment creates an ambiguity. The drafter's note regarding subsection (c) states

> The amendment to subdivision (c), adding the words "person who is not a party," clarifies that service may be made by any person who is over 18 years of age so long as he or she is also a disinterested person. The revised provision is consistent with the current federal rule and with the common law rule, followed in Nevada, requiring that service be made by a disinterested person, *see Sawyer v. Sugarless Shops*, 106 Nev. 265, 269-70, 792 P.2d 14, 17 (1990) ("Nevada has long had rules prohibiting service by a party. This was a common law requirement and has not been changed by [statute]." (citation omitted)).

NRCP 4 drafter's note (2004 amendment).

The drafter's note contains three internal inconsistencies which cause confusion. First, the note references the common law concept of a "disinterested person," which arose in *Nevada Cornell Silver Mines, Inc. v. Hankins*, 51 Nev. 420, 429-32, 279 P. 27, 29-30 (1929), and most recently in *Sawyer*, 106 Nev. at 269-70, 792 P.2d at 17 ("[Respondent] cannot establish that proper service took place by a disinterested party; the default judgment

Supreme Court
of
Nevada

(O) 1947A

6

is therefore void."). Despite their reference to the common law concept of a disinterested person, the drafters did not carry it forward into the language of the new rule. Second, when citing to *Sawyer*, the parenthetical used in the drafter's note does not contain any language about the disinterested person concept; rather, it states that "Nevada has long had rules prohibiting service by a party," which echoes the plain language of the rule itself. NRCP 4 drafter's note (2004 amendment) (quoting *Sawyer*, 106 Nev. at 269, 792 P.2d at 17).

Finally, the drafter's note's stated purpose is to bring the rule in conformity with the federal rule. The federal rule on service of process has nearly identical language to the Nevada rule and states that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." FRCP 4(c)(2). At the time Nevada amended its rules in 2004, federal courts were already interpreting its rule as allowing service of process by a plaintiff's attorney. *See, e.g., Trs. of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D. Ill. 1989) ("While service by counsel for plaintiff may not be the most preferable method, service by counsel is proper."); *Commodity Futures Trading Comm'n v. Am. Metal Exch. Corp.*, 693 F. Supp. 168, 186 (D.N.J. 1988) ("The term 'any person' has been broadly construed so as to permit service by an attorney for the party, but not by the party itself."); *Jugolinija v. Blue Heaven Mills, Inc.*, 115 F.R.D. 13, 15 (S.D. Ga. 1986) ("[T]his Court declines to read limitations onto the clear wording of Fed.R.Civ.P. 4(c)(2)(A), and finds that a party's attorney may serve a summons and complaint in accordance with the Federal Rules.").

Because the over-arching purpose of the 2004 amendment was to conform NRCP 4(c) with FRCP 4(c)(2), and federal courts interpreting the

federal counterpart at the time excluded counsel from the word "party," we conclude that NRCP 4(c)'s plain language allows service by a party's attorney. *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) ("Federal cases interpreting the Federal Rules of Civil Procedure are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts." (internal quotation marks omitted)).

## CONCLUSION

We conclude that NRCP 4(c), which allows service of process by "any person who is not a party and who is over 18 years of age," does not preclude the plaintiff's attorney or the attorney's employee from effecting service. Accordingly, we conclude that the district court properly denied McGowen's motion to quash service of summons and complaint, and we deny his petition for a writ of mandamus.

_____, J.
Hardesty

We concur:

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Cherry

_____, J.
Parraguirre

PICKERING, J., dissenting:

NRCP 4(c) directs that, "Process shall be served by the sheriff of the county where the defendant is found, or by a deputy, *or by any person who is not a party* and who is over 18 years of age." (emphasis added). The question presented is what is meant by "party": Does Rule 4(c)'s prohibition against a "party" serving process only apply to the named party plaintiff, or does it extend to a party's representative, here, the lawyer who filed the complaint on the plaintiff's behalf?

Courts elsewhere have divided on this question. *See* 72 C.J.S. *Process* § 51 (2018); *compare, e.g., In re Wills*, 126 B.R. 489, 498 n.8 (Bankr. E.D. Va. 1991) (citing *In re Evanishyn*, 1 F.R.D. 202, 203 (S.D.N.Y. 1939), for the proposition "an attorney stands in the same relationship as a party for purposes of [the prohibition against a party] serving a subpoena"), *with Trs. of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 51-52 (N.D. Ill. 1989) (holding that "[w]hile service by counsel for plaintiff may not be the most preferable method," it is permissible) (citing *Jugolinija v. Blue Heaven Mills, Inc.*, 115 F.R.D. 13, 15 (S.D. Ga. 1986)). But the question is not open in Nevada. Long-standing Nevada precedent establishes that a party may not serve process in the party's own case and that, for purposes of this rule, "party" includes the lawyer representing the party in the case:

> Nevada has long had rules prohibiting service by a party. This was a common law requirement and has not been changed by statute. There are obvious and sound policy reasons for this prohibition. The primary justification, as illustrated by the facts of this case, is that service many times becomes a battle of credibility and testimony. Something as fundamental and decisive as service is best taken

SUPREME COURT
OF
NEVADA

(O) 1947A

away from the parties or their counsel or counsel's employees.

*Sawyer v. Sugarless Shops, Inc.*, 106 Nev. 265, 269-70, 792 P.2d 14, 17 (1990) (citing *Nev. Cornell Silver Mines v. Hankins*, 51 Nev. 420, 429-32, 279 P.2d 27, 29-30 (1929)).

When *Sawyer* was decided, NRCP 4(c) did not even mention service by parties. It read: "Process shall be served by the sheriff of the county where the defendant is found, or by his deputy, *or by any citizen of the United States over twenty-one years of age. . . .*" NRCP 4(c) (1953) (emphasis added); *see* Revised Laws of Nevada § 5022 (1919) (similar). NRCP 4(c) was amended to its current form in 2004. The 2004 amendment struck the phrase "any citizen of the United States who is over twenty-one years of age" and replaced it with "any person who is not a party and who is over 18 years of age." Setting aside the changes to the age and citizenship requirements to serve process, the 2004 amendment narrowed the prior rule by stating expressly that only a "person who is not a party" can serve process. The 2004 amendment thus made explicit what *Sawyer* and *Nevada Cornell Silver Mines* had earlier held was implicit in our law: For policy reasons, "Nevada [prohibits] service by . . . the parties or their counsel or counsel's employees." *Sawyer*, 106 Nev. at 269-70, 792 P.2d at 17. The advisory committee's note to the 2004 amendment to NRCP 4(c) confirms that the amendment codified the law stated in *Sawyer* and its predecessor, *Nevada Cornell Silver Mines*:

> The amendment . . . adding the words "person who is not a party," clarifies that service may be made by any person who is over 18 years of age so long as he or she is also a disinterested person. The revised provision is consistent with the current federal rule and with the common law rule, followed in Nevada, requiring that service be made by a disinterested

person, *see Sawyer v. Sugarless Shops*, 106 Nev. 265, 269-70, 792 P.2d 14, 17 (1990) ("Nevada has long had rules prohibiting service by a party. This was a common law requirement and has not been changed by [statute] [or rule].").

NRCP 4(c) advisory committee's note to 2004 amendment.

Against this history, the majority holds that the 2004 amendment to NRCP 4(c) changed the law so that now, while a party cannot serve process, the party's lawyer can. The majority bases its holding on three federal district court cases that have interpreted FRCP 4(c)'s cognate provision to prohibit service by a party but not by the party's lawyer. Majority opinion *ante* at 7 (citing *Perfect Parking, Jugolinija*, and *Commodity Futures Trading Comm'n v. Am. Metal Exch. Corp.*, 693 F. Supp. 168, 186 (D.N.J. 1988)). If we were writing on a clean slate, I could agree. "Party" as used in NRCP 4(c) can be read to include, or not to include, a party's lawyer or other representative, and this court often consults federal cases interpreting federal rules when our analogous rules contain an ambiguity existing Nevada law does not dispel. *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002). But this court does not automatically defer to federal case law in interpreting the NRCP—for example, Nevada has not adopted the federal "plausibility" pleading standard, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), even though NRCP 8 and 12(b) mirror FRCP 8 and 12(b). *See Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014).

In this case, there are three reasons why deferring to federal case law in interpreting a textually ambiguous rule is unwarranted. First, the federal case law on FRCP 4(c) is scant and reflects a split among a few federal district courts—the United States Supreme Court has not weighed

in. *Compare, e.g., In re Wills*, 126 B.R. at 498 n.8 (citing *In re Evanishyn*, 1 F.R.D. at 203), *with Perfect Parking, Inc.*, 126 F.R.D. at 51-52 (citing *Jugolinija*, 115 F.R.D. at 15); *Am. Metal Exch. Corp.*, 693 F. Supp. at 186. Second, we are not writing on a clean slate: Long-standing Nevada law holds that a party cannot serve process and that, for purposes of this prohibition, the party and the lawyer representing the party are one and the same. *Sawyer*, 106 Nev. at 269-70, 792 P.2d at 17; *Nev. Cornell Silver Mines*, 51 Nev. at 429-32, 279 P.2d at 29-30. And last, but not least, this court relies on the advisory committee notes to the NRCP in interpreting the rules they address and here the advisory committee notes expressly endorse reading the 2004 amendments to NRCP 4(c) as retaining the law stated in *Sawyer* and *Nevada Cornell Silver Mines*. *See, e.g., Quinlan v. Camden USA, Inc.*, 126 Nev. 311, 313, 236 P.3d 613, 614 (2010); *accord Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (consulting advisory committee notes as persuasive authority). This court has the authority to overrule prior case law but to avoid destabilizing the law and surprising those who rely on it, we do not do so except for "compelling reasons," where, for example, the existing law has proven "badly reasoned" or "unworkable." *See State v. Lloyd*, 129 Nev. 739, 750, 312 P.3d 467, 474 (2013). That showing has not been made with respect to *Sawyer* and *Nevada Cornell Silver Mines*, and without it, these decisions constitute binding precedent the district court and, by extension, this court should follow.

For these reasons, I would grant the writ, not deny it, and therefore respectfully dissent.

_____, J.
Pickering

Supreme Court
OF
Nevada

(O) 1947A

4