PICKERING, J., dissenting:
NRCP 4(c) directs that, "Process shall be served by the sheriff of the county where the defendant is found, or by a deputy, or by any person who is not a party and who is over 18 years of age." (emphasis added). The question presented is what is meant by "party": Does Rule 4(c) 's prohibition against a "party" serving process only apply to the named party plaintiff, or does it extend to a party's representative, here, the lawyer who filed the complaint on the plaintiff's behalf?
Courts elsewhere have divided on this question. See 72 C.J.S. Process § 51 (2018) ; compare, e.g., In re Wills, 126 B.R. 489, 498 n.8 (Bankr. E. D. Va. 1991) (citing In re Evanishyn, 1 F.R.D. 202, 203 (S.D.N.Y. 1939), for the proposition "an attorney stands in the same relationship as a party for purposes of [the prohibition against a party] serving a subpoena"), with Trs. of Local Union No. 727 Pension Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 51-52 (N.D. Ill. 1989) (holding that "[w]hile service by counsel for plaintiff may not be the most preferable method," it is permissible) (citing *225 Jugolinija v. Blue Heaven Mills, Inc., 115 F.R.D. 13, 15 (S.D. Ga. 1986) ). But the question is not open in Nevada. Long-standing Nevada precedent establishes that a party may not serve process in the party's own case and that, for purposes of this rule, "party" includes the lawyer representing the party in the case:
Nevada has long had rules prohibiting service by a party. This was a common law requirement and has not been changed by statute. There are obvious and sound policy reasons for this prohibition. The primary justification, as illustrated by the facts of this case, is that service many times becomes a battle of credibility and testimony. Something as fundamental and decisive as service is best taken away from the parties or their counsel or counsel's employees.
Sawyer v. Sugarless Shops, Inc., 106 Nev. 265, 269-70, 792 P.2d 14, 17 (1990) (citing Nev. Cornell Silver Mines v. Hankins, 51 Nev. 420, 429-32, 279 P. 27, 29-30 (1929) ).
When Sawyer was decided, NRCP 4(c) did not even mention service by parties. It read: "Process shall be served by the sheriff of the county where the defendant is found, or by his deputy, or by any citizen of the United States over twenty-one years of age . ..." NRCP 4(c) (1953) (emphasis added); see Revised Laws of Nevada § 5022 (1919) (similar). NRCP 4(c) was amended to its current form in 2004. The 2004 amendment struck the phrase "any citizen of the United States who is over twenty-one years of age" and replaced it with "any person who is not a party and who is over 18 years of age." Setting aside the changes to the age and citizenship requirements to serve process, the 2004 amendment narrowed the prior rule by stating expressly that only a "person who is not a party" can serve process. The 2004 amendment thus made explicit what Sawyer and Nevada Cornell Silver Mines had earlier held was implicit in our law: For policy reasons, "Nevada [prohibits] service by ... the parties or their counsel or counsel's employees." Sawyer, 106 Nev. at 269-70, 792 P.2d at 17. The advisory committee's note to the 2004 amendment to NRCP 4(c) confirms that the amendment codified the law stated in Sawyer and its predecessor, Nevada Cornell Silver Mines:
The amendment ... adding the words "person who is not a party," clarifies that service may be made by any person who is over 18 years of age so long as he or she is also a disinterested person. The revised provision is consistent with the current federal rule and with the common law rule, followed in Nevada, requiring that service be made by a disinterested person, see Sawyer v. Sugarless Shops , 106 Nev. 265, 269-70, 792 P.2d 14, 17 (1990) ("Nevada has long had rules prohibiting service by a party. This was a common law requirement and has not been changed by [statute] [or rule].").
NRCP 4(c) advisory committee's note to 2004 amendment.
Against this history, the majority holds that the 2004 amendment to NRCP 4(c) changed the law so that now, while a party cannot serve process, the party's lawyer can. The majority bases its holding on three federal district court cases that have interpreted FRCP 4(c) 's cognate provision to prohibit service by a party but not by the party's lawyer. Majority opinion ante at 224 (citing Perfect Parking, Jugolinija, and Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp ., 693 F.Supp. 168, 186 (D.N.J. 1988) ). If we were writing on a clean slate, I could agree. "Party" as used in NRCP 4(c) can be read to include, or not to include, a party's lawyer or other representative, and this court often consults federal cases interpreting federal rules when our analogous rules contain an ambiguity existing Nevada law does not dispel. See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co., 118 Nev. 46, 53, 38 P.3d 872, 876 (2002). But this court does not automatically defer to federal case law in interpreting the NRCP-for example, Nevada has not adopted the federal "plausibility" pleading standard, see Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ; Bell Atl. Corp . v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), even though NRCP 8 and 12(b) mirror FRCP 8 and 12(b). See Alcantara v. Wal-Mart Stores, Inc., 130 Nev. 252, 256, 321 P.3d 912, 914 (2014).
In this case, there are three reasons why deferring to federal case law in interpreting *226 a textually ambiguous rule is unwarranted. First, the federal case law on FRCP 4(c) is scant and reflects a split among a few federal district courts-the United States Supreme Court has not weighed in. Compare, e.g., In re Wills, 126 B.R. at 498 n.8 (citing In re Evanishyn, 1 F.R.D. at 203 ), with Perfect Parking, Inc., 126 F.R.D. at 51-52 (citing Jugolinija, 115 F.R.D. at 15 ); Am. Metals Exch. Corp., 693 F.Supp. at 186. Second, we are not writing on a clean slate: Long-standing Nevada law holds that a party cannot serve process and that, for purposes of this prohibition, the party and the lawyer representing the party are one and the same. Sawyer, 106 Nev. at 269-70, 792 P.2d at 17 ; Nev. Cornell Silver Mines, 51 Nev. at 429-32, 279 P. at 29-30. And last, but not least, this court relies on the advisory committee notes to the NRCP in interpreting the rules they address and here the advisory committee notes expressly endorse reading the 2004 amendments to NRCP 4(c) as retaining the law stated in Sawyer and Nevada Cornell Silver Mines . See, e.g., Quinlan v. Camden USA, Inc., 126 Nev. 311, 313, 236 P.3d 613, 614 (2010) ; accord Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (consulting advisory committee notes as persuasive authority). This court has the authority to overrule prior case law but to avoid destabilizing the law and surprising those who rely on it, we do not do so except for "compelling reasons," where, for example, the existing law has proven "badly reasoned" or "unworkable." See State v. Lloyd, 129 Nev. 739, 750, 312 P.3d 467, 474 (2013). That showing has not been made with respect to Sawyer and Nevada Cornell Silver Mines , and without it, these decisions constitute binding precedent the district court and, by extension, this court should follow.
For these reasons, I would grant the writ, not deny it, and therefore respectfully dissent.