EDWIN T. LAURITZEN, CHARLES L. CALDWELL AND GEORGE A. McGUINNESS, CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF LANDER COUNTY, STATE OF NEVADA, APPELLANTS, v. LEROY CASADY, LEE MAESTRETTI, AND FRANCIS ESCOBAR, RESPONDENTS.

No. 3773

September 14, 1953.                    261 P.2d 145.

See also, 70 Nev. 134, 260 P.2d 783.

*D. A. Castle* and *Leo Puccinelli,* both of Elko, and *John Sexton,* of Battle Mountain, District Attorney of Lander County, for Appellants.

*Ernest S. Brown,* of Reno, for Respondents.

## OPINION

*Per Curiam:*

The county commissioners of Lander county, defendants and appellants herein, on the petition of taxpaying electors of Lander county called an election for September 15, 1953 under the provisions of secs. 1924 to 1928, inclusive, N.C.L.1929, "An Act providing for the removal of county-seats and permanent location of the same,"

approved March 2, 1877 (Stats. 1877, 139), to determine the question of changing the county seat from Austin in that county to Battle Mountain in the same county. The district court entered its final judgment at the suit of plaintiffs and respondents herein, enjoining and restraining appellants from holding said election, and the appeal and record on appeal from such judgment were lodged in this court on this date, and the appeal argued and submitted on the same date, September 14, 1953. The election as noted, was called for tomorrow, September 15, 1953.

The Board of County Commissioners in ordering the election for September 15, 1953 failed to call an election within sixty days as required by the statute. This they justified by the further requirements of the statute that the election be conducted in all respects as provided for by the general election laws of this state, whose requirements for opening of the registration books and closing of registration and notice thereof, etc., could not be complied with by an election held within the sixty-day requirement of the act of 1877.

Respondents contend that affirmance of the injunction restraining the election must be had under authority of State ex rel. Hess v. The County Commissioners of Washoe County, 6 Nev. 104 (reprint 5-6-7 Nev. 444). Both the facts and the law of that case are in all respects similar to those here involved. There, as here, the requirements of the respective acts of the legislature were found to be irreconcilable but the calling of an election beyond the period permitted by the statute was held to be fatal and the remedy to be within the province of the legislature alone. Although the statute before the court in the Hess case, decided in 1870, was the earlier statute of 1867, the amended statute of 1877 was passed, without remedying the situation, although seven years had elapsed since this court had said in the Hess case:

"It is said that under such construction the act referred

to [the county seat removal act] is a nullity, as the election law prescribes registry as a prerequisite to voting, and the registry law in all cases of special election allows forty days for registering, and ten days thereafter for objections to be heard and determined, and registry copies for officers of election to be made; so that fifty full days must elapse from the opening of the registry to the day of election, thus rendering it an impossibility to cause an election to be held within fifty days, as prescribed by the statute quoted. This would seem, unfortunately, to be the fact, and such result would be avoided by this court if possible; but the law is too clear and plain for such avoidance, and the consequence is simply another illustration of the evil of too much legislation."

Many more years have since elapsed, many more sessions of the legislature have been held. While the county seat removal act was in 1877 amended and reenacted, in this respect it remained intact. The general election laws were many times amended, but the legislature has continued the situation in effect. In 1909, in State ex rel. Kaufman v. Martin, 31 Nev. 493, 103 P. 840, a county seat removal case, this court considered the Hess case and stated that it was not called upon either to follow or overrule that case as a somewhat different question was presented. The ruling of the Hess case invalidating the calling of an election beyond the time permitted by the legislature, with legislative knowledge of its effect through all the years, therefore remains squarely before us unless we are disposed to overrule it, which we are not. The rule of stare decisis with special emphasis upon its application to opinions construing statutes, as enunciated in Jensen v. Reno Central Trades & Labor Council, 68 Nev. 269, 229 P.2d 908, impels us to this conclusion.

Appellants contend that the 1939 amendment to the election laws, sec. 2389, N.C.L.1931–1941 Supp., providing that "All acts and parts of acts in conflict with the

provisions of this act are hereby repealed," acts as an express repealer of the requirements of the county seat removal act. We are of the opinion that this contention is without merit.

Appellants further contend that injunction is not a proper remedy in this case, because no irreparable injury has been shown and because the purpose of the election is purely political as distinguished from elections involving property rights or causing monetary damage. We think that this contention is disposed of by the decision of this court in Caine v. Robbins, 61 Nev. 416, 131 P.2d 516, 520, as the present case involves not only the expense of the election but the possible expenditure of large amounts of money in removing the county seat. The language of this court in Caine v. Robbins is particularly applicable:

"To deny the jurisdiction of courts in a case of this character, where a plain, palpable violation of the constitution is threatened, would be to concede that irreparable injury, obvious and undisputed, was beyond the restraint of the remedial arm of equity."

While an important and delicate function is before this court in affirming an injunction restraining an election wherein the voters of the county may express their choice as to the change of a county seat, our decision is not fatal to future opportunity to accomplish the will of the voters. When legislative provision is made to permit the accomplishment of such objective, the same may be carried into effect.

The judgment of the district court is affirmed. This order shall be effective immediately. Let remittitur issue forthwith.