GREATER LAS VEGAS CHAMBER OF COMMERCE; GREATER RENO—SPARKS CHAMBER OF COMMERCE; ECONOMIC DEVELOPMENT AUTHORITY OF WESTERN NEVADA, a Nevada Not-for-Profit Corporation; NEVADA DEVELOPMENT AUTHORITY, a Nevada Not-for-Profit Corporation; BUILDERS ASSOCIATION OF NORTHERN NEVADA, a Nevada Not-for-Profit Corporation; THE MOBILE HOME OWNERS LEAGUE OF SILVER STATE INC., a Nevada Not-for-Profit Corporation; NATIONAL FEDERATION OF INDEPENDENT BUSINESS/NEVADA, a Nevada Not-for-Profit Corporation; NEVADA ASSOCIATION OF REALTORS, a Nevada Not-for-Profit Corporation; NEVADA BANKERS ASSOCIATION, a Nevada Not-for-Profit Corporation; NEVADA CHAPTER ASSOCIATED GENERAL CONTRACTORS OF AMERICA, INC., a Nevada Not-for-Profit Corporation; NEVADA FRANCHISED

AUTO DEALERS ASSOCIATION, a Nevada Not-for-Profit Corporation; NEVADA MANUFACTURERS ASSOCIATION, a Nevada Not-for-Profit Corporation; NEVADA MOTOR TRANSPORT ASSOCIATION, INC., a Nevada Not-for-Profit Corporation; NEVADA TELEPHONE ASSOCIATION, a Nevada Not-for-Profit Corporation; NEVADA WESTERN PETROLEUM MARKETERS ASSOCIATION, a Nevada Not-for-Profit Corporation; SOUTHERN NEVADA HOMEBUILDERS ASSOCIATION, INC., a Nevada Not-for-Profit Corporation; WASHOE NEW CAR DEALERS ASSOCIATION, a Nevada Not-for-Profit Corporation; A & A PLUMBING & HEATING, INC., a Nevada Corporation; AMERICAN BANK OF COMMERCE, a Nevada Banking Corporation; AMERICAN FABRIC & FLOORING INC., a Nevada Corporation; JOHN B. AYMAR PUBLIC ACCOUNTANTS, LTD., a Nevada Corporation; BAKER APPLIANCE & VIDEO, INC., a Nevada Corporation; BANK OF AMERICA NEVADA, a Nevada Banking Corporation; BARRINGTON CORPORATION, a Nevada Corporation; BATTLE MOUNTAIN GOLD COMPANY, a Nevada Mining Corporation; BENJAMIN/PARKER RENO CREATIVE GROUP, a Nevada Corporation; BILL PEARCE MOTORS, INC., a Nevada Corporation; BING CONSTRUCTION CO. OF NEVADA, a Nevada Corporation; BLANCHARD CONSTRUCTION INC., a Nevada Corporation; BULBMAN, INC., a Nevada Corporation; CARAMELLA BALLARDINI, LTD. dba DISPOSAL SERVICES, a Nevada Corporation; CASHMAN EQUIPMENT COMPANY, a Nevada Corporation; CENTEX CORPORATION, a Nevada Corporation; CENTURY STEEL, INC., a Nevada Corporation; CHAMPION CHEVROLET GEO, a Nevada Corporation; CITIBANK, a National Association; CLARK & SULLIVAN CONSTRUCTORS, INC., a Nevada Corporation; CNS, INC., a Nevada Corporation; COLDWELL BANKER PLUMMER & ASSOCIATES, INC., a Nevada Corporation; COLLINS BROTHERS CORPORATION, a Nevada Corporation; COMBINED METALS REDUCTION COMPANY, a Utah Corporation; CONSTRUCTION NOTEBOOK, INC., a Nevada Corporation; CONTINENTAL NATIONAL BANK, CRAGIN AND PIKE, INC., a Nevada Corporation;

DAVIS & SON SEAFOOD, INC., A Nevada Corporation; DERMODY PROPERTIES, A Nevada Corporation; DESERT CHRYSLER PLYMOUTH, INC., A Nevada Corporation; ELLISON RANCHING COMPANY, A Nevada Corporation; ELRAY, INC., A Nevada Corporation; EMPLOYER BENEFITS, INC., A Nevada Corporation; ENERGY EQUITIES GROUP, INC., A Nevada Corporation; EXECUTIVE SUITES OF AMERICA, INC., A Nevada Corporation; FALLON NATIONAL BANK OF NEVADA; FIRST AMERICAN TITLE COMPANY OF NEVADA, A Nevada Corporation; FIRST INTERSTATE BANK OF NEVADA, A National Association; FLANIGAN WAREHOUSE COMPANY, A Nevada Corporation; FORREST ENTERPRISES, INC., A Nevada Corporation; FRANKOVICH & CO., INC., A Nevada Corporation; GARDNER ENGINEERING, INC., A Nevada Corporation; GLOBAL CONSUMER SERVICES, INC., A California Corporation; GOLD RANCH CASINO, A Nevada Corporation; GUNTHER BROTHERS, INC., A Nevada Corporation; HMB & ASSOCIATES, A Nevada Corporation; HOLLINGSWORTH, INC., A Nevada Corporation; HOLMAN SECURITY CORPORATION, A Nevada Corporation; RALPH JONES, INC., A Nevada Corporation; IMPACT INTERNATIONAL, INC., A Nevada Corporation; KANGAROO NEVADA COMPANY, A Delaware Corporation; JACK N. TEDFORD, INC., A Nevada Corporation; JAMES C. KINGSBURY, INC., A Nevada Corporation; KRUMP CONSTRUCTION, INC., A Nevada Corporation; J & J MECHANICAL INC., A Nevada Corporation; JOHNNIE WALKER RV, A Nevada Corporation; JOHNNY'S FINE FOODS, A Nevada Corporation; L & M, INC., A Nevada Corporation; LAND AIR BALANCE TECHNOLOGY, INC., A Nevada Corporation; LAND TITLE OF NEVADA, INC., A Nevada Corporation; LAUGHLIN ASSOCIATES, INC., A Nevada Corporation; LAUGHLIN NATIONAL BANK; LEE'S WESTERN WEAR, INC., A Nevada Corporation; MACHABEE OFFICE ENVIRONMENTS, A Nevada Corporation; MANPOWER TEMPORARY SERVICES, A Nevada Corporation; MARCOR RESORT, INC., DBA THE RIO HOTEL & CASINO, A Nevada Corporation; MARIA'S FOODS, INC., A Nevada Corporation; McGLADREY & PULLEN, A Nevada Corporation;

MOAPA VALLEY TELECOMMUNICATIONS, INC., A NEVADA CORPORATION; MOUNTAIN VIEW GUEST RANCH, INC., A NEVADA CORPORATION; NATIONAL HERITAGE INDUSTRIES, INC., A NEVADA CORPORATION; NATIONAL TITLE COMPANY, A NEVADA CORPORATION; NEVADA AUDIO VISUAL SERVICES, INC., A NEVADA CORPORATION; NEVADA BANKING COMPANY, A NEVADA BANKING CORPORATION; NEVADA CEMENT COMPANY, A NEVADA CORPORATION; NEVADA NILE RANCH, A NEVADA CORPORATION; NEVADA STATE BANK, A NEVADA BANKING CORPORATION; NEVADA WESTERN OFFICIAL SECURITY, INC., A NEVADA CORPORATION; OWEN DISTRIBUTION CO., A NEVADA CORPORATION; PACIFIC FREEPORT CORPORATION, A NEVADA CORPORATION; PAHRUMP VALLEY VINEYARDS, INC., A NEVADA CORPORATION; PATTERSON REPORTING SERVICES, INC., A NEVADA CORPORATION; PETROLEUM DISTRIBUTING INC., A NEVADA CORPORATION; PHOTO FINISH, A NEVADA CORPORATION; POLARIS PRINTING & PUBLISHING, INC., A NEVADA CORPORATION; PRECIOUS METAL MINES, INC., A NEVADA CORPORATION; PREFERRED FINANCIAL FUNDING, INC., A CALIFORNIA CORPORATION; PULIZ MOVING & STORAGE, A NEVADA CORPORATION; QUANTUM COMMUNICATIONS, A NEVADA CORPORATION; REAL PROPERTIES, LTD., A NEVADA CORPORATION; REESE TAX, A NEVADA CORPORATION; RONCO MEDIA, INC., A NEVADA CORPORATION; SAFETY-COMPENSATION ENERGY, INC., A NEVADA CORPORATION; SCANDIA FAMILY FUN CENTERS, INC., A NEVADA CORPORATION; SECURITY PACIFIC BANK OF NEVADA, A NATIONAL ASSOCIATION; SHARON'S WORLD INTERIOR, A NEVADA CORPORATION; SIERRA BANK OF NEVADA, A NEVADA BANKING CORPORATION; SIERRA HEALTH SERVICES, INC., A NEVADA CORPORATION; SIMPSON ELECTRIC, INC., A NEVADA CORPORATION; SOLAS INC., A NEVADA CORPORATION; SOUTHERN NEVADA TBA SUPPLY CO., A NEVADA CORPORATION; STACY EXHIBIT SERVICE, INC., A NEVADA CORPORATION; STAGE DOOR INC., A NEVADA CORPORATION; STANHARRAH, A NEVADA CORPORATION; STILES & ASSOCIATES, INC., A NEVADA CORPORATION; STREMMEL GALLERY, A NEVADA CORPORATION; SUNSHINE MINING COMPANY, A DELAWARE CORPORATION; SUN STATE BANK, A NEVADA BANKING CORPORATION; THE

GENOA COMPANY, INC., A NEVADA CORPORATION; THE MORTGAGE CENTER, A NEVADA CORPORATION; THE PHILLIPS DEVELOPMENT CORPORATION, DBA THE LAKE MEAD BUSINESS CENTER, A NEVADA CORPORATION; THUNDERBIRD PRINTING & SCREENING, INC., A NEVADA CORPORATION; TIM HAFEN RANCHES, INC., A NEVADA CORPORATION; TRAVEL UNLIMITED, INC., A NEVADA CORPORATION; UNIFORMS INC., A NEVADA CORPORATION; UNITED ENGINE & MACHINE CO., A CALIFORNIA CORPORATION; VALLEY BANK OF NEVADA, A NEVADA BANKING CORPORATION; VIKING METALLURGICAL CORPORATION, A NEVADA CORPORATION; VTN NEVADA, A NEVADA CORPORATION; WALT CASEY WATER COND., INC., A NEVADA CORPORATION; WASHOE BUILDING SUPPLY, A NEVADA CORPORATION; WASHOE FUEL INC., A NEVADA CORPORATION; WEDDLE/CALDWELL ADVERTISING, INC., A NEVADA CORPORATION; WELSH ENGINEERING, INC., A NEVADA CORPORATION; WESTERN TITLE COMPANY, INC., A NEVADA CORPORATION; FRED H. DRESSLER COMPANY, A NEVADA PARTNERSHIP; HUGH LANTZ AND ASSOCIATES, A NEVADA PARTNERSHIP; M-I DRILLING FLUIDS COMPANY, A TEXAS PARTNERSHIP; COLT SERVICE CENTER, A NEVADA SOLE PROPRIETORSHIP; LOUDERMILK INVESTMENTS, A SOLE PROPRIETORSHIP; SAGE OF NEVADA, A SOLE PROPRIETORSHIP; STORYVILLE MOBILE HOME RESORT, A SOLE PROPRIETORSHIP; CITIZENS FOR PRIVATE ENTERPRISE NORTHERN NEVADA COUNCIL, A NEVADA POLITICAL ACTION GROUP; PATRICK ALLISON, AN INDIVIDUAL; JOSEPH J. EBERLE, D.D.S., LTD., AN INDIVIDUAL; C. THOMAS GOTT, M.D., AN INDIVIDUAL; S. EVERETT PERLBERG, AN INDIVIDUAL; BETH RAY, AN INDIVIDUAL; ROBERT E. ROBINSON, AN INDIVIDUAL; WM. BEN SCOTT, AN INDIVIDUAL; VICTOR S. SHAH, AN INDIVIDUAL; FRED WALTERS, AN INDIVIDUAL; CLAUDINE WILLIAMS, AN INDIVIDUAL, APPELLANTS, v. FRANKIE SUE DEL PAPA, SECRETARY OF STATE, AND NEVADA STATE EDUCATION ASSOCIATION, RESPONDENTS.

No. 21326

December 20, 1990                    802 P.2d 1280

*Vargas & Bartlett* and *John P. Sande, III,* Reno, for Appellants.

*Brian McKay,* Attorney General, and *Jonathan L. Andrews,* Deputy Attorney General, for Secretary of State; *Dyer & McDonald,* for Nevada State Education Association, Carson City, for Respondents.

## OPINION

*Per Curiam:*

On June 29, 1990, appellants, a group of individuals, for profit corporations and not for profit corporations (taxpayers), filed in the district court a complaint seeking extraordinary and injunctive relief to preclude the respondent Secretary of State from distributing to the various county clerks copies of the corporate tax initiative (Question 6) for inclusion on the ballot for the 1990 general election. The taxpayers alleged that various constitutional defects were apparent on the face of Question 6. On July 2, 1990, the district court entered an order directing the Secretary of State to show cause why the injunction requested in the complaint should not be issued.

On July 2, 1990, the Nevada State Education Association (NSEA) filed a motion to intervene as a defendant in the action below. The district court subsequently granted the motion to intervene.

On July 3, 1990, the Secretary of State filed her opposition to the requested injunction. Also on that date, the NSEA filed a

motion to dismiss appellants' complaint. NSEA also filed in the district court points and authorities opposing the issuance of the injunction requested by the taxpayers. On July 5, 1990, taxpayers filed their opposition to the motion to dismiss, and their reply points and authorities in support of the requested injunction.

On July 6, 1990, the district court entered an order granting, in part, the NSEA motion to dismiss. Specifically, the district court determined that the individual taxpayers and the not for profit corporate plaintiffs lacked standing to maintain the action for injunctive relief. The district court denied the motion to dismiss in all other respects.

On July 11, 1990, the Secretary of State filed her answer to the complaint. She also filed a supplemental opposition to the requested injunction. On July 19, 1990, NSEA filed additional points and authorities opposing the issuance of the requested injunction. The taxpayers filed their additional reply points and authorities in support of the requested injunction.

On July 30, 1990, after a hearing, the district court entered an order dismissing the taxpayers' complaint. This appeal followed.[1]

The taxpayers argue primarily that Question 6 violates the United States Constitution because it would tax the interest earned on federal obligations, but would not tax the interest earned on state or municipal obligations. *See* Memphis Bank and Trust Co. v. Garner, 459 U.S. 392 (1983). Assuming, *arguendo,* that the taxpayers are correct, this would be an insufficient reason to preclude the people of this state from exercising their right to vote for or against an initiative petition.

In Caine v. Robbins, 61 Nev. 416, 131 P.2d 516 (1942), this court held that ballot questions may be enjoined "where a plain, palpable violation of the constitution is threatened." *Caine,* 61 Nev. at 427, 131 P.2d at 520. This rule has remained inviolate in an unbroken line of cases that has stood for almost fifty years. *See* Lauritzen v. Casady, 70 Nev. 136, 261 P.2d 145 (1953); Brown v. Georgetta, 70 Nev. 500, 275 P.2d 376 (1954); Beebe v. Koontz, 72 Nev. 247, 302 P.2d 486 (1956); Lundberg v. Koontz, 82 Nev. 360, 418 P.2d 808 (1966); Cirac v. Lander County, 95 Nev. 723, 602 P.2d 1012 (1979).

All of the cases in which this court has intervened to prevent a ballot question from going to a vote of the people have involved violations of the state constitutional or statutory rules governing the procedures by which those questions were placed on the ballot. *See* Caine v. Robbins, 61 Nev. 416, 131 P.2d 516 (1942)

---

[1]On September 12, 1990, this court entered an order affirming the order of the district court, and indicated that an opinion stating the reason for the court's decision would follow.

(lack of enacting language in the ballot question rendered the question void); Lauritzen v. Casady, 70 Nev. 136, 261 P.2d 145 (1953) (failure of county commission to schedule election within statutory time requirements rendered the election void); Lundberg v. Koontz, 82 Nev. 360, 418 P.2d 808 (1966) (failure to authenticate signatures on petition properly rendered the ballot question void).

The authorities cited above demonstrate that this court has *never* voided a ballot question because it may be held in the future to violate a provision of the United States Constitution. Such action would be unwise for two reasons. First, a measure that initially appears unconstitutional may be implemented in a constitutional manner. Second, even if an initiative measure is unconstitutional, there is great political utility in allowing the people to vote on the measure. Such a vote communicates clearly to the representative branches of government the popular sentiment on a particular issue or issues.

Because Question 6 contained no defects that would render it void under the Nevada constitution, the district court did not err when it denied the taxpayers' request for an injunction. We have examined the taxpayers' remaining arguments of error, and have determined that they lack merit. Accordingly, we affirm the order of the district court.