THE STATE OF NEVADA ex rel. LEWIS HESS *et al.*, Appellant, *v.* THE COUNTY COMMISSIONERS OF WASHOE COUNTY, Respondents.

Time of Election to Remove County Seat. Under the Act of 1867, for the removal of county seats, which provided that when a number of voters of a county equal to three-fifths of the number of voters at the last general election should petition for a removal, " the county commissioners shall within fifty days thereafter cause an election to be held," (Statutes of 1867, 78): *Held*, that the election must be held within *fifty* days after the establishment of the fact of a petition by the proper number of voters ; and that where commissioners fixed the period at *seventy* days, their action was void.

Statutory Construction—Plain Language. Where the language of a statute is plain, its intention must be deduced from such language, and Courts have no right to go beyond it.

Powers of County Commissioners Special and Limited. Boards of county commissioners are of special and limited powers, and must always exercise their powers as prescribed, where such prescription is material.

Conflict of Statutes. The statute relating to the removal of county seats required an election to be held within *fifty* days after the order therefor (Statutes of 1867, 78). On the other hand, the registry law of 1869 (Statutes of 1869, 140) allowed registration for forty days prior to closing the register, which should close ten days prior to the day of election : *Held*, that though the latter law might render it impossible to hold an election within fifty days, still the former law was too clear and plain in its terms to mean that the fifty day period could be extended.

Appeal from the District Court of the Third Judicial District, Washoe County.

This was a *certiorari* issued out of the Third District Court on the petition of Lewis Hess and H. H. Beck, against the board of county commissioners of Washoe County, consisting of M. J. Smith, W. R. Chamberlain, and G. W. Brown. A petition had been presented praying a removal of the county seat of Washoe County, from Washoe City to Reno, and an election was ordered as stated in the opinion. The Court below, after hearing the cause, dismissed the writ ; and relators appealed.

*Clarke & Wells*, for Appellant.

I. In cases of *certiorari*, the Court is confined to the rendition of a judgment which will result in one of three things, namely : the af-

firmance, or the annulment, or the modification of the proceeding, order or judgment to be reviewed. (Practice Act, Sec. 443.) The order of dismissal in this case does neither.

II. The petition upon which the board ordered the election was presented and filed February 1st, 1870, and the order for the election was made on April 5th, 1870. The election was ordered for June 14th, 1870, a period more than fifty days subsequent to the presentation of the petition, as well as the entry of the order. The order was, therefore, made by the board in excess of its legal jurisdiction, and is void.

III. The proceedings of a board of commissioners must show affirmatively, step by step, that it had jurisdiction to do what it did, derived from the statutes. (15 Cal. 296 ; 18 Cal. 130 ; 23 Cal. 403 ; 16 Cal. 392 ; 32 Cal. 53.)

*Thomas E. Hayden,* for Respondents.

I. If the commissioners derived from the petition any power to act, they had jurisdiction to try, hear, and determine upon it. If the election should have been ordered within fifty days, yet if the board had jurisdiction to try, hear, and determine upon the petition, their order as to the time of holding the election would only be an irregularity, not reviewable by this proceeding, which stops whenever it is ascertained that the board had jurisdiction to try, hear, and determine upon the petition itself.

It will be observed that the provision relative to the fifty days is disconnected by a comma after the word " shall " and before the word " cause," and the word " thereafter " relates to the time of " petition " and not to the time of ordering the election. That without regard to any fifty days, the election may be held on the day of the general election is plain from section four, which provides that the elections shall be conducted in all respects as provided by the general election laws of the State.

II. The registry law of 1868 requires forty days registration before any special election, and ten days to receive objections to voters before any such election. Give the Act our construction, and the commissioners would call the election within a reasonable time to

8

qualify registry agents after appointment, to furnish registry books, to put in motion all the agents and machinery of an election; and they would be limited to do this within a reasonable time by the same discretion with which they transact all their business as officers of their county, sworn to do their duty.

· III.  If the proceedings on *certiorari* show no excess of jurisdiction, it follows there is no ground for the writ, and its dismissal is practically an affirmance of the judgment or order.  If the District Court should have entered a judgment, affirming the order made, it is simply an error, which might have been amended on motion of either party.

IV.  The proceedings and order of the board of commissioners could only be attacked for want of jurisdiction, and no irregularity, however glaring, would authorize the Court to interfere with their discretion and the proven will of the people.

By the Court, WHITMAN, J. :

This is an appeal from the judgment of the Third District Court dismissing a writ of certiorari, in the matter of the ordering a special election by the board of commissioners of Washoe County to decide the question of removal of the county seat of said county. Although the judgment of dismissal was perhaps not strictly regular, still it practically amounted to a judgment of affirmance of the action of the county commissioners, and so will be considered.

The numerous objections made to such action will not be reviewed in detail, as the one upon which this decision will be rested is in itself vital.  The commissioners acted under the statute of this State entitled " An Act providing for the removal of county seats and the permanent location of the same," as follows :

SECTION 1.  " When any number of legal voters of any county in this State equal to three-fifths of the whole number of votes cast at the last general election in said county shall petition the board of county commissioners of such county for the removal or location of the seat of justice, the county commissioners shall within fifty days thereafter cause an election to be held at the various places of voting in said county, said commissioners giving thirty days notice

in some newspaper published in the county, or by posting written or printed notices at the several voting precincts in the county. Such notice shall state the time and place of holding and the purposes for which such election is held. And any election provided for in this Act may be held on the day of any general election for either State or county officers in such county. The place receiving a majority of all the votes cast at such election shall be declared the county seat.      *      *      *      *      *      *      *

SEC. 4. " The election provided for in this Act shall be conducted in all respects as provided for by the general election laws of this State." (Stats. 1867, 78.)

The order for the election was made upon the fifth day of April, 1870, calling the election upon the fourteenth day of June following, a space of seventy days. The commissioners had the power upon the establishment of the fact that three-fifths of the legal voters of the county so petitioned, to order an election to decide the matter of the removal of the county seat from one point and its location at another; but such election they must cause to be held within fifty days from the establishment of such fact, and in time to afford thirty days notice of the election. The right to order being thus circumscribed, the board could only so proceed, unless as is suggested, the time prescribed was simply in the nature of a direction and not a mandate.

As has been frequently decided by this Court, when the language of a statute is plain, its intention must be deduced from such language, and the Court has no right to go beyond it. (*Virginia and Truckee Railroad Co.* v. *County Commissioners of Lyon County*, ante, p. 68.) So here, the commissioners " within fifty days thereafter shall cause an election to be held." It would be straining the meaning of words to say that the natural, ordinary interpretation of such language was that sometime within fifty days the commissioners should order an election to be held at any future time their discretion or caprice might dictate; and yet this is the conclusion urged by counsel for defendants, in substance: he claims that jurisdiction once acquired by the presentation of the petition, the subsequent order in the case at bar was what the statute contemplated, or at most an irregularity.

The first, it has been attempted to be shown, it is not under the proper rule of construction ; and the latter it cannot be ; it is either right, or else an excess of jurisdiction ; for a board of commissioners, being of special and limited powers, must always exercise their powers as prescribed, where such prescription is material.   When the Legislature has said to this board of special limited powers, you shall cause an election to be held within a certain time, who shall say that the matter of time is immaterial ?   The intention may have been to protect the petitioners ; for if the construction urged be adopted, the board could place the election at such a distance of time as to render the order a practical nullity ; and there would then be no redress, as that would be simply an error under the regular pursuit of authority, not subject to review by this or any other Court ; or the intention may have been something other, or for multiple purposes ; but there stands the plain language, and it should not be frittered away.

It is said that under such construction the Act referred to is a nullity, as the election law prescribes.registry as a prerequisite to voting, and the registry law in all cases of special election allows forty days for registering, and ten days thereafter for objections to be heard and determined, and registry copies for officers of election to be made ; so that fifty full days must elapse from the opening of the registry to the day of election, thus rendering it an impossibility to cause an election to be held within fifty days, as prescribed by the statute quoted.   This would seem, unfortunately, to be the fact, and such result would be avoided by this Court if possible ; but the law is too clear and plain for such avoidance, and the consequence is simply another illustration of the evil of too much legislation.

When the Act quoted was passed, the Registry Act only required the books to be kept open ten days prior to any special election, such as the one in question.   (Statutes of 1866, 83.)   So there was coherence between the two statutes ; but in 1869, the Act last cited was repealed, and the provision made that registration might be made " for forty days prior to closing the register (which shall close ten days prior to the day of election) for any special or municipal election," thus producing the existing conflict.   The

action of the commissioners in endeavoring to reconcile the two statutes, as it is evident was the desire, though it may have been through deference to the wishes of the people as expressed by petition, still was in excess of the jurisdiction of the board, and therefore void. The District Court erred in affirming such action, and its judgment is reversed, with directions to enter a judgment annulling the proceedings of the board of county commissioners of Washoe County, had upon the fifth day of April, A.D. 1870, touching the matter of the removal of the county seat.

LEWIS, C. J., did not participate in the foregoing decision.