Submitted on appellant's brief May 26, affirmed July 31, 1967

# SELBEE, *Respondent, v.* MULTNOMAH COUNTY, *Appellant.*

430 P. 2d 561

George Van Hoomissen, District Attorney, and Charles S. Evans, Deputy District Attorney, Portland, for appellant.

No appearance for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

LUSK, J.

This is an appeal by the defendant, Multnomah County, from an order granting a new trial in a proceeding in eminent domain. The case grows out of the widening of Southeast Foster Road in Multnomah County. Plaintiff is the owner of residence property fronting on that road, a strip of which 15 feet in width was taken. Being dissatisfied with the award of damages made by the Board of County Road Viewers and approved by the Board of County Commissioners, the plaintiff appealed to the circuit court, pursuant to ORS 368.525. Plaintiff's evidence would have supported a verdict for $2,100; the jury returned a verdict for $1,000. Thereafter, upon motion of the plaintiff, the order for a new trial was granted upon the ground that the court erred in instructing the jury that they should, in arriving at their verdict, if they found that there was damage to the remaining property of the plaintiff as the result of the taking, determine whether "there was any special benefit to the land not taken on account of the street improvement," and, if so, "off-

set the special benefit against the damage to the remainder." The plaintiff on the trial excepted to the instruction because there was no evidence to support it and the court so held in passing on the motion.

The plaintiff's property was approximately two acres in area with a frontage on Southeast Foster Road of 185 feet and a depth of 487 feet. A dwelling on the land, occupied by the plaintiff and his wife, and a garage, were approximately 140 feet from the road. Numerous trees and large shrubs were growing on the 15-foot strip that was taken and there was evidence that depreciation in value of the residue of the property would be caused by their removal. All the witnesses agreed that the highest and best use of the property was for residential purposes. In the entire record there is no direct reference to special benefits. The defendant, however, points to certain evidence which it is contended justified the submission of the question of benefits to the jury. It is said that before the improvement, Southeast Foster Road, where it passes plaintiff's property, was a two-lane asphalt road with gravel sidings hardly amounting to shoulders, with no curb, no walkway, and no provision for drainage. As a result of the improvement the road will be widened to a four-lane street. It will have paved parking lanes and a concrete curb; there will be a gravel walkway 7 feet in width; a drainage system consisting of drain sumps will be installed, and a concrete approach ramp to the landowner's driveway will be constructed through the curbing.

◼ In this state, where property is taken for highway use, the owner is entitled to recover the fair market value of the land actually taken and damages to the remainder not taken, and special benefits may be set off or employed to reduce the damages to the re-

mainder. *State Highway Com. v. Bailey et al,* 212 Or 261, 277, 319 P2d 906.

The *Bailey* case involved condemnation of lands in Curry County for relocation of the Oregon coast highway. In a learned discussion by Mr. Justice BRAND of the law with regard to special benefits, the court quoted with approval language of other courts which stated, in effect, that benefits to adjacent land could be presumed or inferred from the construction or improvement of a street or highway. There followed this statement:

> "We conclude that presumptively the proposed construction will result in some special benefits and that the existence and extent of such special benefits are normally questions for the consideration of the jury upon all of the evidence and under proper instructions * * *." 212 Or at 302.

Counsel for defendant rely upon this language to support their contention.

■ Concededly, the statement was dictum, but assuming its correctness in the context of the case in which it is found—the construction of a highway through agricultural lands—it does not follow that the same thing would be true of a case such as the one before us.① We think it is a matter of common knowledge that conversion of a two-lane road in a residential district into a four-lane highway, with its attendant increase in high-speed automobile traffic, may be a detriment rather than a benefit to adjacent property, and bring about a lowering of its market value. See

---

① This case, of course, is to be distinguished from those involving special assessments, where the presumption of special benefits arises from a legislative determination by a city council or other governmental body. See Stanley v. City of Salem, 247 Or 60, 427 P2d 406.

*Fluckey v. City of Plymouth,* 358 Mich 447, 100 NW2d 486.

It is possible that the particular features of the improvement, or some of them, to which the brief has called attention did constitute a special benefit to the remainder of plaintiff's property, but no witness testified that it did. In fact, no witness was asked the question and the subject was not even suggested until it came into the case in the judge's instructions.

■■ The general rule is that "any alleged benefit, to have any standing in court at all, must be genuine and capable of estimation in money value. It must add to the present fair market value of the remaining land with reference to all the uses to which it is reasonably adapted, and for which it is available." 27 Am Jur 2d 207, Eminent Domain § 358. In order to enable the jury to pass intelligently upon the question of whether the market value of the remaining land has been increased as a result of the improvement, we think that, at least in the generality of cases, there must be some evidence of that fact other than the improvement itself. Indication that this is so is found in the holding in the *Bailey* case that if the condemnor would show special benefits to reduce the amount of damage to the remainder of the tract, it must go forward with the evidence, though the burden of proof of the amount of damage to the remainder is upon the property owner. 212 Or at 274.

The order granting a new trial is affirmed and the cause remanded for further proceedings in conformity with this opinion.

Affirmed.