THE STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, APPELLANT, *v.* ARVO HAAPANEN AND SITA HAAPANEN, RESPONDENTS.

No. 5561

December 30, 1968                    448 P.2d 703

*Harvey Dickerson,* Attorney General, and *William M. Raymond,* Deputy Attorney General, for Appellant.

*Close & Bilbray,* of Las Vegas, for Respondents.

## OPINION

By the Court, Zenoff, J.:

The State of Nevada through its Department of Highways commenced a condemnation action against Arvo Haapanen and Sita Haapanen, owners of certain land in Las Vegas. Through its right of eminent domain the state sought a portion of the land together with access rights for use in connection with a downtown expressway. The parties had agreed that the sum of $1.50 per square foot was reasonable compensation for the taking but contested the severance damages. The jury awarded the Haapanens the total of $21,691, $2,641 for the parcel actually taken, $550 for a temporary construction easement and $18,500 for severance.

On appeal the state assigned as error the refusal of the trial court to allow a jury view, the admission of testimony that the landowner had an offer of purchase prior to the taking, and the refusal of the trial court to allow the jury to consider site prominence and increase of traffic as special benefits to be set-off against the severance damages.

1. A jury view is discretionary with the trial court. NRS 16.100; Eikelberger v. State, 83 Nev. 306, 429 P.2d 555 (1967). Because maps, plats and ample testimony were presented to give a clear understanding of the factual pattern needed for a determination of damages, the denial of the jury view was not an abuse of discretion. 5 Nichols, Eminent Domain § 18.3(3), at 171 (Rev. 3d ed. 1962).

2. A real estate agent testified that a prospective buyer of the property had indicated interest in building a bowling alley,

cocktail lounge, restaurant and a small group of business buildings but became disenchanted when he learned of the state's contemplated action. No price was expressed, but the evidence was admissible to show a change in possible use of the property. We would allow such evidence of change in use. Whitcomb v. City of Philadelphia, 107 A. 765 (Penn. 1919). Compare State ex rel. Department of Highways v. Olsen, 76 Nev. 176, 351 P.2d 186 (1960), in which the owner of condemned property was permitted to show departure of tenants because the property was no longer suitable for their purposes after the condemnation.

3.   The trial court refused to allow evidence of benefits resulting from site prominence and increased traffic after the taking of the property even though NRS 37.110(4) requires that benefits accruing to the remaining property are deductible from the severance damages. Our statute does not expressly distinguish between "general" benefits and "special" benefits. The right to setoff is usually allowed if it is found that special benefits result to the property owner after the construction, but the same does not follow if the benefits are merely general to the entire area. Los Angeles County v. Marblehead Land Co., 273 P. 131 (Cal.App. 1928). See also State v. Mouledous, 200 So.2d 384 (La.Ct.App. 1967); State v. Vesper, 419 S.W.2d 469 (Mo.App. 1967); Richardson v. Big Indian Creek Watershed Conservancy Dist., 151 N.W.2d 283 (Neb. 1967); Selbee v. Multnomah County, 430 P.2d 561 (Ore. 1967). A determination must be made by the trier of fact whether site prominence, increased traffic and possible change in use of the property after the taking, all or singularly, have increased the value of the land after the taking. The trier of fact must then determine whether the benefits, if any, are general or special. If special, they must be setoff against the damages occasioned by the taking.

By refusing to allow evidence of site prominence or increased traffic, the trial court did not give the jury the opportunity to determine either the existence or the type of possible benefits. This is the function of the jury under appropriate instructions, not of the court. We cannot say in this case that there are no special benefits as a matter of law. The construction of the expressway on-ramp on the condemned property may have conferred a special benefit. The question of benefits which is the burden of the condemner is essential to a full determination

of the damage issue. We reverse and remand for a new trial on the issue of benefits.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.