MICHELE G. POMBO, APPELLANT, v. NEVADA APARTMENT ASSOCIATION, A NEVADA CORPORATION; LISA ROCHTE; STEVE BUFFINGTON; MARK STOUT; KEN McELROY; CHRISTINA HUBERT; AND VIKKI L. MORLEY, RESPONDENTS.

No. 27307

May 2, 1997                                   938 P.2d 725

---

[3]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this appeal.

*Eric Zubel,* Las Vegas, for Appellant.

*Patrick N. Chapin,* Las Vegas, for Respondents.

## OPINION

By the Court, SHEARING, C. J.:

In late 1990, several members of the board of directors of the respondent National Apartment Association ("NAA"), including

respondents Lisa Rochte ("Rochte") and Christina Hubert ("Hubert"), determined that the executive director of the NAA, appellant Michele Pombo ("Pombo"), was violating certain NAA financial policies. The NAA operations manual outlined these policies as well as Pombo's duties.

Based on these alleged improprieties, the NAA board of directors ("the board") voted to suspend Pombo with pay. A financial investigation subsequently conducted by an outside accounting firm discovered that various financial irregularities existed within the organization's petty-cash system, within its bookkeeping practices, and with respect to monies received from membership meetings. Pombo, who as executive director was in charge of effectuating NAA fiscal policies and overseeing NAA finances, was then terminated by the board without a disciplinary review. The operations manual provided that employees could be terminated without a disciplinary review only when they had committed "gross misconduct." The board also attempted to institute criminal embezzlement proceedings against Pombo based on her alleged misconduct.

In October 1992, Pombo filed a complaint against the NAA, various members of the board, and against Pombo's former assistant, respondent Vikki Morley ("Morley"), alleging breach of contract and other related claims, abuse of process, defamation, civil conspiracy, and emotional distress. The NAA brought counterclaims of conversion and misappropriation, and requested attorney fees and costs.

On March 17, 1994, the NAA extended an offer of judgment of $17,500 to Pombo that contained three conditions and expired the following day. On March 21, 1994, the NAA made a second offer of judgment for $17,500, but apparently excluded the conditions. Pombo did not accept either offer.

Following a bench trial, the district court concluded, with respect to the breach of contract claims, that the NAA had good cause to terminate Pombo, that it acted in good faith, and that Pombo's actions amounted to "gross misconduct" for which the board could terminate employment without a disciplinary review. With respect to the defamation claim, the district court concluded that Morley had made a defamatory statement about Pombo and that the NAA had breached its duty to caution Morley to refrain from such pronouncements. Pombo was awarded $12,000: $10,000 to be paid by the NAA and $2,000 by Morley. The district court also found no abuse of the criminal process by the NAA, and no evidence of a civil conspiracy or outrageous conduct sufficient to find intentional infliction of emotional distress.

The district court also ruled in favor of the NAA on its counterclaims of fraud and conversion and entered judgment

against Pombo in the amount of $1,582. After a post-trial hearing, the district court awarded Pombo attorney fees of $1,494.83 and $500 in court costs, to be paid by Morley. The district court also found that the NAA's March 21, 1994 offer of judgment was unconditional on its face and valid under Nevada law. Pursuant to NRCP 68 and NRS 17.115, the district court then awarded the NAA attorney fees of $10,000 and costs of $5,418.52 based upon Pombo's rejection of the March 21, 1994 pre-trial settlement offer of $17,500.

## DISCUSSION

A district court's findings of fact and conclusions of law, even where predicated upon conflicting evidence, must be upheld if supported by substantial evidence, and may not be set aside unless clearly erroneous. Trident Construction v. West Electric, 105 Nev. 423, 426, 776 P.2d 1239, 1241 (1989).

Pombo contends that the NAA's offer of judgment was invalid because it contained conditions.

The district court awarded the NAA attorney fees and costs based on Pombo's failure to accept a pre-trial offer of $17,500 and its findings that the factors enunciated in Beattie v. Thomas, 99 Nev. 579, 668 P.2d 268 (1983), militated in favor of the award. The decision whether to award attorney fees is within the sound discretion of the district court. Bergmann v. Boyce, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993).

NRCP 68 provides: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall not recover costs, nor attorneys' fees, but shall pay the costs and attorneys' fees, if any be allowed, of the party making the offer from the time of the offer." An offer of judgment must be unconditional and for a definite amount in order to be valid for purposes of NRCP 68. Stockton Kenworth v. Mentzer Detroit Diesel, 101 Nev. 400, 404, 705 P.2d 145, 148 (1985).

In the instant case, the NAA's original offer of judgment of March 17, 1994, contained the following conditions for acceptance: (1) dismissal with prejudice against all defendants, (2) the execution of a confidentiality agreement by Pombo not to disclose the terms of the agreement, and (3) no admission of wrongdoing by any of the individual respondents. The second offer of judgment, filed with the court on March 21, 1994, specified that "the Defendant Nevada Apartment Association, for itself and itself

alone, hereby offers to accept judgment to be taken against it in this action in the total sum of Seventeen Thousand Five Hundred Dollars ($17,500), which sum includes all costs.'' The second offer contained no express conditions.

There is no reason to conclude that because the first offer was conditional, that the offer of judgment filed March 21, 1994 was also conditional. On the contrary, the fact that a new offer was filed four days after the first conditional offer suggests that a correction deleting the conditions was desired. Consequently, we conclude that the March 21, 1994 offer was a valid offer of judgment for purposes of NRCP 68 and NRS 17.115. The district court did not abuse its discretion in awarding attorney fees and costs to the Nevada Apartment Association.

We affirm the judgment of the district court in all other respects.[1]

SPRINGER, ROSE, and YOUNG, JJ., and BRENNAN, SR. J., concur.[2]

---

[1]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this appeal.

[2]The Governor designated THE HONORABLE JAMES A. BRENNAN, Senior Judge, to sit in the place of then-CHIEF JUSTICE THOMAS L. STEFFEN. Nev. Const. art. 6, § 4.