## PALACE STATION HOTEL & CASINO, INC., APPELLANT, *v.* KEITH JONES, RESPONDENT.

### No. 27129

June 15, 1999           978 P.2d 323

*Pyatt & Eglet,* Las Vegas, for Appellant.

*Carl E. Lovell, Jr.,* Las Vegas, for Respondent.

Before MAUPIN, AGOSTI and BECKER, JJ.

## OPINION

*Per Curiam:*

On September 18, 1992, respondent Keith Jones ("Jones"), while a business invitee at appellant Palace Station Hotel & Casino, Inc. ("Palace Station"), sustained an injury when a valet employee of Palace Station drove over Jones' foot. On June 17, 1993, Jones filed an action against Palace Station. The complaint

sought damages for negligence, negligent infliction of emotional distress, attorney's fees, and costs.

At a pretrial conference, jury selection was set for February 2, 1995. On January 26, 1995, Palace Station served Jones with an offer of judgment, pursuant to NRCP 68 and NRS 17.115, in the amount of $4,500.00. Trial began on February 6, 1995, with opening statements and the presentation of evidence.

On February 8, 1995, the jury returned a verdict in favor of Jones, awarding him $2,513.23 for medical expenses and $3,000.00 for pain and suffering. Additionally, the jury returned a special verdict which found Jones forty-nine percent negligent and Palace Station fifty-one percent negligent. Accordingly, Jones' award was reduced to $2,811.75.

On February 23, 1995, Palace Station filed a motion for allowance of attorney's fees and costs, pursuant to the offer of judgment. On March 3, 1995, Jones filed an opposition to the motion for allowance of attorney's fees and costs, and a counter-motion for his own attorney's fees and costs pursuant to NRS 18.010 and NRS 18.050. On March 22, 1995, Palace Station filed a reply in support of its motion for attorney's fees and costs.

On March 30, 1995, the district court entered its order and judgment. The district court found that the offer of judgment made by Palace Station was untimely because it was not made more than ten days before the trial began. The district court also determined that Palace Station was not the prevailing party. Accordingly, the district court ordered that Jones was entitled to: (1) the jury verdict in the amount of $2,811.75; (2) attorney's fees in the amount of $9,900.00; and (3) costs in the amount of $982.79.

In this appeal, Palace Station challenges the district court's award of attorney's fees and costs to Jones and takes issue with the court's interpretation and application of Nevada's offer of judgment rule. Palace Station does not, however, challenge the judgment with respect to the amount of damages awarded to Jones. We conclude that the district court erred in determining that Palace Station's offer of judgment was untimely and in denying, on this basis, Palace Station's motion for attorney's fees and costs.

## DISCUSSION

### I. Offer of Judgment

Nevada's offer of judgment rule is set forth in NRCP 68 and NRS 17.115. At the time of the underlying action, NRCP 68 provided in pertinent part: "At any time more than 10 days before

the trial begins, any party may serve upon the adverse party an offer to allow judgment to be entered for the money or property or to the effect specified in the offer, with costs then accrued."[1]

NRS 17.115(1) provides that:

> At any time more than 10 days before trial, either informally or at any pretrial conference presided over by a judge of the court in which the action is pending, any party may serve an offer in writing to allow judgment to be taken in accordance with the terms and conditions stated at that time.

NRCP 6(a) prescribes the manner in which the ten-day time period provided under NRCP 68 and NRS 17.115 is to be computed. *See* NRCP 1.

> In computing any period of time prescribed or allowed by these rules, . . . or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a non-judicial day, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a non-judicial day.

NRCP 6(a).

"Whenever possible, this court will interpret a rule or statute in harmony with other rules and statutes." Allianz Ins. Co. v. Gagnon, 109 Nev. 990, 993, 860 P.2d 720, 723 (1993). Moreover, " 'when the language of a statute is plain, its intention must be deduced from such language, and the court has no right to go beyond it.' " Cirac v. Lander County, 95 Nev. 723, 729, 602 P.2d 1012, 1015 (1979) (quoting State ex rel. Hess v. Washoe County, 6 Nev. 104, 107 (1870)).

NRCP 68 requires that the offer of judgment be made more than ten days before trial. In the present case, the trial began on Monday, February 6, 1995. The offer was made on Thursday, January 26, 1995. The district court determined, pursuant to "a strict interpretation" of NRCP 68, in conjunction with NRCP 6(a), that counting forward from the date the offer was served rendered the offer untimely.

Palace Station contends that "ten days before trial is ten days before trial, not ten days after service of the Offer of Judgment." Therefore, Palace Station asserts, the appropriate method for cal-

---

[1]An order repealing NRCP 68 and adopting new NRCP 68 was issued by this court on July 29, 1998. Since the offer of judgment, in the instant case, was served in 1995, the former rule applies. Notwithstanding, the new rule contains the same language, "any time more than 10 days before trial," as the former rule. *See* NRCP 68(a).

culation requires counting backward from the trial date. In addition, Palace Station argues, pursuant to NRCP 68, the date of trial is excluded from the ten-day period since the rule speaks in terms of "days before trial" and, pursuant to NRCP 6(a), the day the offer was served is included. Thus, Palace Station asserts that its offer was timely.

Jones contends that the district court properly determined that the offer of judgment, made on January 26, 1995, was the triggering event. Therefore, Jones argues that pursuant to NRCP 6(a), January 26, 1995, is not counted in the computation; thus, counting forward from January 27, 1995, the district court correctly found that Palace Station's offer was untimely. Jones further contends that even if this court decides to count backward, there was still not enough time for Jones to accept the offer.

The threshold issue in this case is whether the trial date or the date the offer of judgment was served is the act or event, as prescribed by NRCP 6(a), from which the designated ten-day period of time begins to run. We conclude that because the language of NRCP 68 and NRS 17.115 expressly provides that the offer of judgment must be made "more than 10 days before the trial begins," the trial date is the event from which the ten-day period begins to run.

Our conclusion that the trial date is the act or event which triggers the ten-day period necessarily resolves the next issue of whether to count forward or backward. *See* Polk v. Montgomery County, MD., 130 F.R.D. 40 (D. Md. 1990) (explaining that determining whether the offer of judgment was made more than ten days before trial begins requires counting back from trial date as provided under FRCP 6); Equitable Gen. Ins. Co. v. Helm, 623 P.2d 365 (Ariz. 1981) (application of Rule 6(a) to the notice of change of judge rule requires counting backward instead of forward from the date set for trial). We therefore conclude that application of NRCP 6(a) to NRCP 68 and NRS 17.115 in the present case requires counting backward ten days, from and including February 5, 1995. Pursuant to NRCP 6(a), the trial date itself, February 6, 1995, is excluded from the computation and the day the offer is served is included. Accordingly, we conclude that Palace Station's offer of judgment was timely.

## II. *Attorney's Fees and Costs*

Under former NRCP 68, attorney's fees and costs may be allowed as follows: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall not recover costs, nor attorneys' fees, but shall pay the costs and

attorneys' fees, if any be allowed, of the party making the offer from the time of the offer."

In addition, NRS 17.115(4)(b) provides that

> If the party to whom the offer of judgment is made fails to obtain a more favorable judgment, he cannot recover:
>
> . . . .
>
> (b) Costs or attorney's fees,
>
> and the court shall order him to pay to the party who made the offer that party's taxable costs incurred from the date of filing the complaint, and may order . . . reasonable attorney's fees incurred by the party making the offer from the time of the offer.

On February 23, 1995, after the jury rendered its verdict and pursuant to the offer of judgment, Palace Station filed a motion for allowances of attorney's fees and costs. The district court denied Palace Station's motion on the grounds that Palace Station's offer of judgment was untimely and Palace Station was not the prevailing party. Indeed, the jury awarded Jones $5,513.23 in damages. However, the jury found Jones forty-nine percent comparatively negligent and the award was reduced to $2,811.75. Palace Station correctly contends that Jones did not obtain a more favorable judgment, since the judgment finally obtained was less than its offer of $4,500.00. Jones contends that Palace Station is not entitled to attorney's fees because it was not the prevailing party. Therefore, Jones insists that as the prevailing party, the district court properly awarded him attorney's fees and costs, pursuant to NRS 18.010 and 18.050, respectively.

Former NRCP 68 provided that "[i]f the judgment finally obtained by the offeree is not a more favorable than the offer [of judgement], the offeree shall not recover costs, nor attorneys' fees." Similarly, NRS 17.115(4)(b) states that "[i]f the party to whom [an] offer of judgment is made fails to obtain a more favorable judgment, he cannot recover . . . [c]osts or attorney's fees." In the present case, the final judgment Jones obtained, $2,811.75, was not more favorable than Palace Station's offer of $4,500.00. Further, we note that although NRS 18.010 and 18.050 grant discretion in the district court to award attorney's fees and costs, where a party is precluded from obtaining attorney's fees and costs under NRCP 68 or NRS 17.115, the party is likewise precluded from recovering such fees under NRS 18.010 and 18.050. *See* Bowyer v. Taack, 107 Nev. 625, 817 P.2d 1176 (1991). Accordingly, we conclude that not only did the district court err in awarding Jones attorney's fees and costs, but the court erred in

not considering an award to Palace Station under NRCP 68 and NRS 17.115.

## CONCLUSION

NRCP 68 and NRS 17.115 expressly identify the trial date as the event from which the designated period of time begins to run for computing the ten-day period therein. Application of NRCP 6(a) to the ten-day period set forth in NRCP 68 and NRS 17.115 requires counting backward from the day before the trial begins. Pursuant to NRCP 6(a), the date of trial is excluded and the day of the offer is included. Accordingly, we conclude that the district court erred in concluding that Palace Station's offer of judgment was untimely, in awarding Jones attorney's fees and costs under NRS 18.010 and NRS 18.050, and in failing to consider an award of attorney's fees and costs to Palace Station on the basis of NRCP 68 and NRS 17.115.

Accordingly, we reverse the district court's judgment with respect to attorney's fees and costs, and remand for the district court to address the issue of attorney's fees and costs pursuant to NRCP 68 and NRS 17.115.[2] The judgment is affirmed in all other respects.

---

[2]In exercising its discretion with respect to the allowance of fees and costs, the district court must weigh the factors set forth in Beattie v. Thomas, 99 Nev. 579, 668 P.2d 268 (1983).