AUDREY QUINLAN, APPELLANT, *v.*
CAMDEN USA, INC., RESPONDENT.

No. 53521

July 29, 2010   236 P.3d 613

*Benjamin B. Childs*, Las Vegas, for Appellant.

*Parnell & Associates* and *Richard B. Parnell*, Las Vegas, for Respondent.

---

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, PICKERING, J.:

Audrey Quinlan sued Camden USA, Inc. for damages after she tripped on a sidewalk in its apartment complex. She lost at trial and was ordered to pay Camden $41,976 in attorney fees and costs. The district court based its award on the offer of judgment Camden made under NRS 17.115 and NRCP 68, which Camden sent by facsimile. Although Quinlan's lawyer received the offer of judgment, he had not expressly consented to fax service as NRCP 5(b)(2)(D) requires. It was error to shift fees and costs based on Camden's offer of judgment because NRS 17.115, NRCP 5(a), and NRCP 68(a) all require an offer of judgment to be served in compliance with NRCP 5 and Camden's was not.

With the exception of the fee award, no other reversible error appears. Accordingly, we affirm the judgment but reverse the award of fees and costs and remand so the district court can calculate and award Camden its taxable costs under NRS 18.020(3).

I.

In contesting Camden's offer of judgment, Quinlan does not deny she received it. Her challenge is technical: An offer of judgment is a creature of statute and rule; NRS 17.115, NRCP 5(a), and NRCP 68 all require "service" for an effective offer of judgment; Camden's faxed offer of judgment, though received, was not "served" in a way NRCP 5(b) recognizes; thus, the district court erred in using Camden's offer of judgment to shift fees and costs to Quinlan.

Quinlan makes a valid argument. NRCP 5(a) is entitled "Service: When Required," while NRCP 5(b) is entitled "Same: How Made." NRCP 5(a) specifies that "every . . . offer of judgment . . . shall be served upon each of the parties." NRS 17.115 and NRCP 68(a) also say an offer of judgment must be "serve[d]." For an offer of judgment to shift fees and costs as NRS 17.115 and NRCP 68 allow, its service must comply with NRCP 5(b). *See*

*Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1429 (9th Cir. 1996) ("In cases involving Rule 68 offers, service . . . must comply with Fed. R. Civ. P. 5(b).").

Quinlan had counsel. NRCP 5(b)(1) provides that, "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney." NRCP 5(b)(2) lists the permissible ways to serve a party's attorney. While NRCP 5(b)(2) permits fax service, it does so only if the receiving attorney "has consented to service by electronic means." The consent must be express, filed with the clerk, and include specific information:

> The served attorney's . . . consent to service by electronic means *shall be expressly stated and filed in writing with the clerk of the court* and served on the other parties to the action. *The written consent shall identify*:
> (i) the persons upon whom service must be made;
> (ii) the appropriate address or location for such service, such as the electronic-mail address or facsimile number;
> (iii) the format to be used for attachments; and
> (iv) any other limits on the scope or duration of the consent.

NRCP 5(b)(2)(D) (emphasis added).

Neither Quinlan nor her attorney filed the written consent to fax service that NRCP 5(b)(2)(D) requires. However, Quinlan's lawyer occasionally sent case-related papers via facsimile—including the informal offer to settle that prompted Camden's offer of judgment. Camden urges us to accept implied consent as an adequate substitute for express consent on these facts.

Camden's implied consent argument fails. NRCP 5(b)(2)(D) uses "shall" to state its requirement of express written consent, filed with the clerk, to service by electronic means. The "use of 'shall' is mandatory unless a rule's construction demands a different interpretation to carry out the rule's purpose." *Moseley v. Dist. Ct.*, 124 Nev. 654, 664, 188 P.3d 1136, 1144 (2008). Nevada adopted NRCP 5(b)(2)(D) in 2005 to "permit[ ] service by electronic means, including facsimile and electronic-mail, consistent with the 2001 amendments to the federal rule." NRCP 5 drafter's note (2004). Under Fed. R. Civ. P. 5, as amended in 2001, "[t]he consent [to fax service] must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5 advisory committee's note (2001).[1]

---

[1]We note that Rules 9(c) and 13 of Nevada's Electronic Filing Rules are not at issue on this appeal but that they impose consent and registration requirements that satisfy NRCP 5(b)(2)(D).

We agree with the federal cases that have rejected implied consent to service by fax as a basis for upholding a faxed offer of judgment under Rules 5 and 68. *Ortiz-Moss v. New York City Dept. of Transp.*, 623 F. Supp. 2d 404, 407 (S.D.N.Y. 2008) ("[c]onsent to service by electronic means must be specifically agreed to in writing and cannot be implied from past conduct"; absent specific written consent, faxed acceptance of an offer of judgment is not effective even though the party receiving the fax did not object to such service earlier in the litigation (internal citations omitted)); *McKenna v. Nat'l Action Fin. Servs.*, No. 07-60880-CIV, 2008 WL 1741495, at *1 (S.D. Fla. Apr. 11, 2008) (rejecting faxed offer of judgment where no written consent to fax service had been filed; Fed. R. Civ. P. 5 "requires service of an offer of judgment" and "service may be made by electronic means or other alternate means only if written consent is given"), *reh'g denied*, 2008 WL 5572637 (S.D. Fla. Apr. 23, 2008); *see* 4B C. Wright & A. Miller, *Federal Practice & Procedure* § 1147 (3d ed. 2002) ("Consent to service under Rule 5(b)(2)(D) must be in writing [and] . . . . cannot be inferred from the conduct of the intended recipient."); *Magnuson*, 85 F.3d at 1429 (service by fax of the Rule 68 offer was inadequate, even though Magnuson apparently did receive a faxed copy of the offer) (decided under the pre-2001 version of Fed. R. Civ. P. 5(b)(2)).[2]

In providing parties with the means to shift fees and costs, NRS 17.115 and NRCP 68 offer a tool not available at common law. *See Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 431, 132 P.3d 1022, 1036-37 (2006) ("statutes permitting costs are in derogation of the common law [and] should be strictly construed") (citing *Bergmann v. Boyce*, 109 Nev. 670, 679, 856 P.2d 560, 565-66 (1993)). Use of this tool depends on meeting stated time deadlines, *Palace Station Hotel & Casino v. Jones*, 115 Nev. 162, 165, 978 P.2d 323, 325 (1999) (time calculations are critical to a predictable application of the offer of judgment rules), and other formal requirements. *Pombo v. Nevada Apartment Ass'n*, 113 Nev. 559, 562, 938 P.2d 725, 727 (1997) ("An offer of judgment must be unconditional and for a definite amount in order to be valid for purposes of NRCP 68."). Predictability and fairness are not served by

---

[2]The facts before us stop short of those found to work an estoppel in *Albertson v. Winner Automotive*, No. Civ.A.01-116KAJ, 2004 WL 2435290 (D. Del. Oct. 27, 2004). There, the defendant served its offer of judgment on the plaintiff by fax. The plaintiff accepted the offered judgment by written "Notice of Acceptance," which he formally served by hand. The court treated the plaintiff's "Notice of Acceptance" as consent to service by fax and held, further, that the defendant was estopped to disavow the validity of its faxed offer of judgment, noting that Rule 5(b) protects the recipient not the sender. *Id.* at *5.

reading the formal service requirements out of NRS 17.115, NRCP 5, and NRCP 68, including NRCP 5(b)(2)(D)'s requirement of express written consent to service by electronic means.

The district court upheld the fax service under EDCR 7.26(a)(3), which lists facsimile service as a permissible form of service but is silent on whether consent to such service is required and, if so, what form it must take.[3] Considered by itself, in isolation from NRCP 5(b)(2)(D), EDCR 7.26(a)(3) can fairly be read to permit fax service as freely as service by mail or by hand. When EDCR 7.26(a)(3) is read together with NRCP 5(b)(2)(D), however, the only reading that gives meaning to both rules is to read EDCR 7.26(a)(3) as permitting fax service in general, provided NRCP 5(b)(2)(D)'s express consent requirement has been met. *See Albios*, 122 Nev. at 418, 422, 132 P.3d at 1028, 1030-31 (if possible, "this court will interpret a rule or statute in harmony with other rules and statutes," especially where, as here, one provision is silent on specifics included in another). A contrary reading puts EDCR 7.26(a)(3) in conflict with NRCP 5(b)(2)(D)'s express written consent requirement, in which case NRCP 5(b)(2)(D) still controls. *Cheek v. FNF Constr., Inc.*, 112 Nev. 1249, 1253, 924 P.2d 1347, 1350 (1996) (" '[t]he district courts have rule-making power, but the rules they adopt must not be in conflict with the Nevada Rules of Civil Procedure' " (alteration in original) (quoting *Western Mercury, Inc. v. The Rix Co.*, 84 Nev. 218, 222-23, 438 P.2d 792, 795 (1968), and citing NRCP 83, which states that "[e]ach district court . . . may from time to time make and amend rules governing its practice not inconsistent with these rules")).

Since Camden's offer of judgment was not properly served, it does not operate to shift fees and costs. We therefore reverse their award and remand for the district court to determine Camden's taxable costs.

## II.

Quinlan also asserts error in the district court's admission of daytime photographs when her injury occurred at night; its refusal

---

[3]EDCR 7.26(a) states, in relevant part:

> If service of an order or other paper is to be made on a party represented by an attorney, the service must be made on the attorney unless service on the party is ordered by the court. Service on the attorney or on a party must be made by:
>     (1) delivering a copy or by mailing it to the last known address; or
>     (2) if no address is known, by leaving it with the clerk of the court; or
>     (3) facsimile transmission; or
>     (4) electronic transmission through the Court's electronic filing system if the system provides for electronic service.

to grant her request for a jury view of the sidewalk; its allowance of a late-designated witness's testimony; and its denial of her new trial motion. We review these claims of evidentiary, trial, and post-trial error for an abuse of discretion, *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 492, 117 P.3d 219, 226 (2005) (explaining that the district court has "broad discretion in determining the admissibility of evidence" (internal quotation omitted)); *Dep't of Hwys. v. Haapanen*, 84 Nev. 722, 723, 448 P.2d 703, 704 (1968) (indicating that the decision to grant or deny a jury viewing is reviewed for abuse of discretion); *Southern Pac. Transp. Co. v. Fitzgerald*, 94 Nev. 241, 244, 577 P.2d 1234, 1236 (1978) ("[t]he decision to grant or deny a motion for new trial rests within the sound discretion of the trial court and will not be disturbed . . . absent palpable abuse"), and none exists here.

Accordingly, we affirm the judgment on the jury's verdict, vacate the judgment awarding fees and costs, and remand for calculation of taxable costs.

HARDESTY and DOUGLAS, JJ., concur.