An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ETHEL POPOWITZ AND MARILYN
POPOWITZ,
Appellants,
vs.
B.A. SUNDOWN, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
MOUNTAIN VISTA, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondents.

No. 62438

**FILED**

JUL 3 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

Appeal of district court orders awarding fees and costs. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellants Ethel and Marilyn Popowitz brought a breach of contract action against respondents B.A. Sundown, LLC, and Mountain Vista, LLC. This appeal concerns an offer of judgment that B.A. Sundown served the Popowitzes pursuant to NRCP 68 and the terms of a promissory note between Marilyn Popowitz and Mountain Vista.

B.A. Sundown's offer of judgment would have resolved all claims between the parties, but could not be construed as an admission of liability or that any party suffered damages. Additionally, the offer did not include attorney fees, and if the Popowitzes accepted the offer, they could not seek fees in a separate action. The Popowitzes declined the offer of judgment, and the matter proceeded to trial.

Mountain Vista filed a summary judgment motion seeking to dismiss the Popowitzes' claim against it. In response, the Popowitzes filed a countermotion for summary judgment. The debate centered on the due date for the first payment under the promissory note. Mountain Vista

14-25041

claimed that the first payment was due 30 days after it executed the note; and the Popowitzes claimed that the initial payment was due the same day Mountain Vista executed the note. The district court determined that Mountain Vista did not breach the note's terms and granted summary judgment in Mountain Vista's favor. Then, Mountain Vista filed a motion seeking attorney fees based on a provision in the note and seeking costs pursuant to NRS 18.020.

After trial on the Popowitzes' claims against B.A. Sundown, the jury rendered a judgment in the Popowitzes' favor; however, the judgment was not greater than the amount in B.A. Sundown's offer of judgment. Thereafter, B.A. Sundown and the Popowitzes filed motions seeking fees and costs.

The district court held a hearing on the parties' motions for attorney fees and costs. The court determined that B.A. Sundown's offer of judgment was valid, and because the Popowitzes failed to obtain a better judgment at trial, the court denied the Popowitzes' motion for fees and costs. After analyzing the *Beattie* and *Brunzell* factors, the district court granted B.A. Sundown's motion for fees and costs. *See Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983) (setting forth factors for the court to consider regarding allowance of fees and costs under NRCP 68); *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969) (presenting factors for a court to consider in determining the amount of an attorney fees award). Further, the court granted Mountain Vista attorney fees pursuant to the promissory note and costs pursuant to NRS 18.020. This appeal followed.

This court generally reviews the district court's decision regarding attorney fees for an abuse of discretion. *Gunderson v. D.R.*

*Horton, Inc.*, 130 Nev. ___, ___, 319 P.3d 606, 615 (2014). Under NRCP 68, if an offeree rejects an offer of judgment and fails to obtain a more favorable judgment at trial, the offeree cannot recover attorney fees or costs and must pay the offeror's post-offer costs and fees. "An offer of judgment must be unconditional and for a definite amount" to be valid for the purposes of awarding attorney fees and costs under NRCP 68. *Pombo v. Nev. Apartment Ass'n*, 113 Nev. 559, 562, 938 P.2d 725, 727 (1997).

Here, the Popowitzes assert that B.A. Sundown's offer of judgment was invalid because it contained four impermissible conditions: (1) accepting the offer would preclude the Popowitzes from seeking additional compensation for attorney fees, (2) acceptance would resolve all claims between the parties, (3) the offer was not an admission of liability, and (4) the offer was not an admission that the Popowitzes suffered any damages. We disagree.

A condition is a future and uncertain event which triggers or negates an obligation. *See* Black's Law Dictionary 333 (9th ed. 2009). Therefore, an offer of judgment is conditional if the offer's effectiveness is dependent on anything other than the offeree accepting the offer. The provisions barring attorney fees and resolving all claims between the parties are not conditions, but consequences of accepting the offer. Further, the provisions regarding liability and damages are declarations of the offer's effect. Accordingly, the offer of judgment was valid. Consequently, under NRCP 68, the Popowitzes are precluded from recovering fees and costs from B.A. Sundown, and because the Popowitzes failed to obtain a more favorable judgment at trial, B.A. Sundown is entitled to its reasonable post-offer fees and costs.

This court defers to a district court's decision to grant fees and costs under NRCP 68 as long as the district court fully considers the *Beattie* factors. *Wynn v. Smith*, 117 Nev. 6, 13-14, 16 P.3d 424, 428-29 (2001). Here, the district court considered the *Beattie* and *Brunzell* factors before awarding B.A. Sundown fees and costs pursuant to NRCP 68. Thus, in accordance with *Wynn*, we affirm the district court's award of fees and costs to B.A. Sundown.

Additionally, after reviewing the promissory note between Marilyn and Mountain Vista, we determine that Marilyn was bound to pay Mountain Vista attorney fees. Further, as the prevailing party, Mountain Vista was entitled to costs pursuant to NRS 18.020. Therefore, the district court properly granted Mountain Vista fees and costs.

Accordingly, after considering all of the parties' arguments on appeal, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.      _____, J.
Pickering                         Hardesty

_____, J.      _____, J.
Parraguirre                       Douglas

_____, J.      _____, J.
Cherry                            Saitta

 

cc:    Hon. Michelle Leavitt, District Judge
        Marquis Aurbach Coffing
        McDonald Carano Wilson LLP/Las Vegas
        McDonald Carano Wilson LLP/Reno
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A