# IN THE SUPREME COURT OF THE STATE OF NEVADA

MEGAN GIBSON; AND JAMES GIBSON, INDIVIDUALLY AND AS THE NATURAL PARENTS OF BECKETT GIBSON, A MINOR CHILD,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE LIDIA STIGLICH, DISTRICT JUDGE,
Respondents,
    and
LARRY DAVID KLAICH, M.D.,
Real Party in Interest.

No. 71850

FILED

DEC 0 1 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus challenging a district court order granting a motion to enforce a settlement based on an offer of judgment.

I.

On July 21, 2014, petitioners Megan and James Gibson, individually and as the natural parents of their minor child, Beckett Gibson (collectively, petitioners), filed a complaint against real party in interest Larry Klaich, M.D. Petitioners also named Klaich's medical practice, Erickson OB-GYN Associates, Ltd., and the hospital, Saint Mary's Regional Medical Center, in their complaint.

On July 8, 2015, petitioners served Klaich and Erickson OB-GYN with two separate offers of judgment by facsimile and mail. In particular, petitioners made Klaich an offer of judgment for $1 million.

On August 3, 2015, petitioners' counsel at that time, Moseley Collins, sent opposing counsel for Klaich and Erickson OB-GYN a letter by facsimile and mail which stated: "By this letter I am granting to your clients, Dr. Klaich and Erickson OB/GYN an extension to September 21, 2015, to accept Plaintiffs' previously served Offers of Judgement and Settlement."

On December 24, 2015, Collins sent opposing counsel an email which referenced his previous correspondence and stated: "This letter will advise you that at your request Plaintiffs will extend the date to accept Offers of Judgment to Larry David Klaich, M.D. and Erickson OB/GYN Associates, Ltd., to *5:00 p.m. on February 10, 2016.*"

On June 30, 2016, Collins sent opposing counsel an email which stated: "This letter will advise you that Plaintiffs will extend the date to accept Offers of Judgment to Larry David Klaich, M.D. and Erickson OB/GYN Associates, Ltd., to *5:00 p.m. on August 9, 2016. . . .* They will both automatically terminate and expire if not accepted on or before the close of business on August 9, 2016."

On August 9, 2016, petitioners' current counsel attended mediation, where the mediator informed counsel of Collins' letter extending the offer of judgment to 5:00 p.m. that day. Petitioners' counsel revoked the offer, and the mediator communicated petitioners' revocation to opposing counsel. Petitioners then provided a demand as requested by the mediator. Opposing counsel countered petitioners' multi-million dollar demand with an offer of $600,000, which petitioners rejected. Later that afternoon,

SUPREME COURT
OF
NEVADA

(O) 1947A

2

counsel for Klaich served petitioners' counsel with a formal acceptance of the offer of judgment.

On August 11, 2016, petitioners filed a motion to strike and/or set aside Klaich's and Erickson OB-GYN's purported acceptance of an expired offer of judgment. Klaich and Erickson OB-GYN opposed petitioners' motion and filed a cross-motion to enforce settlement.

In analyzing the parties' motions, the district court order identified two issues: (1) whether the June 30, 2016 email constituted a properly served formal offer of judgment, to which the provisions of NRCP 68 apply, or whether the letter constituted an informal offer to settle, which is revocable at any time prior to acceptance; and (2) whether the June 30, 2016 email, if considered a proper offer of judgment, could be revoked after the initial 10-day statutory period for acceptance. First, the court found that the email at issue was a properly served offer of judgment based on its language, and that petitioners consented to electronic service. Second, the court found that petitioners stipulated to keep the offer of judgment open past the 10-day statutory period, and thus, the offer remained irrevocable until 5:00 p.m. on August 9, 2016.

Ultimately the district court denied petitioners' motion to strike and/or set aside Klaich's acceptance of the offer of judgment, and granted Klaich's cross-motion to enforce settlement. The court further dismissed Klaich and Erickson OB-GYN with prejudice pursuant to the offers of judgment. Finally, the district court granted petitioners' motion for partial stay pending the resolution of this writ petition.

## II.

This court has original jurisdiction to grant a writ of mandamus, and issuance of such extraordinary relief is solely within this court's discretion. *See* Nev. Const. art. 6 § 4; *Mountain View Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 184, 273 P.3d 861, 864 (2012). "A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). However, this extraordinary remedy may only be issued when no plain, speedy, and adequate remedy is available. *See* NRS 34.170; *Cheung v. Eighth Judicial Dist. Court*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005).

Here, petitioners could have sought NRCP 54(b) certification and appealed if the district court granted such certification, or petitioners could have proceeded against Saint Mary's hospital and appealed from the judgment following trial. However, we conclude that these options would not provide a plain, speedy, and adequate remedy. Therefore, we exercise our discretion to consider this writ petition.[1]

## III.

"A district court's findings of fact and conclusions of law, even where predicated upon conflicting evidence, must be upheld if supported by substantial evidence, and may not be set aside unless clearly erroneous." *Pombo v. Nev. Apartment Ass'n*, 113 Nev. 559, 562, 938 P.2d 725, 727 (1997).

---

[1]We note that petitioners' contention that Justice Stiglich's appointment to the Nevada Supreme Court would have delayed a ruling on NRCP 54(b) certification is not a sufficient justification warranting writ relief.

 

"Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Winchell v. Schiff*, 124 Nev. 938, 944, 193 P.3d 946, 950 (2008) (internal quotation marks omitted).

Additionally, "[t]his court reviews a district court's interpretation of a statute or court rule . . . de novo, even in the context of a writ petition." *Marquis & Aurbach v. Eighth Judicial Dist. Court*, 122 Nev. 1147, 1156, 146 P.3d 1130, 1136 (2006). "When a rule is clear on its face, we will not look beyond the rule's plain language." *Morrow v. Eighth Judicial Dist. Court*, 129 Nev. 110, 113, 294 P.3d 411, 414 (2013).

## IV.

Petitioners argue that their only offer of judgment to Klaich occurred on July 8, 2015, and thus, all future correspondence constituted mere offers to settle, which they effectively revoked before Klaich accepted on August 9, 2016. Accordingly, petitioners urge this court to hold that the 10-day acceptance period under NRCP 68(e) cannot be extended as a matter of law. Conversely, Klaich argues that the offeror may resurrect an expired offer of judgment and that such an offer may be extended based on the offeror's plain language. Klaich additionally argues that petitioners' service of the offer by email did not render it invalid and that the offer of judgment was irrevocable until 5:00 p.m. on August 9, 2016. We conclude that a reasonable mind might accept Collins' correspondence as adequate to support a conclusion that the June 30, 2016 email was a properly served offer of judgment and that the offer remained irrevocable until 5:00 p.m. on

August 9, 2016. Therefore, the district court's findings of fact and conclusions of law are supported by substantial evidence.[2]

NRCP 68 governs offers of judgment. "At any time more than 10 days before trial, any party may serve an offer in writing to allow judgment to be taken in accordance with its terms and conditions." NRCP 68(a). "If the offer is not accepted within 10 days after service, it shall be considered rejected by the offeree and deemed withdrawn by the offeror. . . . The fact that an offer is made but not accepted does not preclude a subsequent offer." NRCP 68(e).

An offer of judgment must be served in compliance with NRCP 5 to be valid. *See Quinlan v. Camden USA, Inc.*, 126 Nev. 311, 312, 236 P.3d 613, 613 (2010). Service under this rule may be made by

> [d]elivering a copy by electronic means if the attorney or the party served has consented to service by electronic means. . . . The served attorney's or party's consent to service by electronic means shall be expressly stated and filed in writing with the clerk of the court and served on the other parties to the action.

NRCP 5(b)(2)(D). Implied consent by using electronic service but failing to file the required written consent is an inadequate substitute for express consent. *See Quinlan*, 126 Nev. at 313, 236 P.3d at 614. However, "Rules 9(c) and 13 of Nevada's Electronic Filing [and Conversion] Rules . . . impose consent and registration requirements that satisfy NRCP 5(b)(2)(D)." *Id.* at 313 n.1, 236 P.3d at 614 n.1. Accordingly, "users who register with the

---

[2]We note that the district court erred in analyzing NRCP 6(b) to justify an extended period of acceptance. However, "[t]his court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason." *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010).

 

electronic filing system are deemed to consent to receive service electronically." NEFCR 9(c).

A party's last offer of judgment controls under NRCP 68 and "offers of judgment are irrevocable." *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 414, 425, 132 P.3d 1022, 1026, 1032 (2006). NRCP 68 is meant to encourage settlement before trial. *See Bergmann v. Boyce*, 109 Nev. 670, 677, 856 P.2d 560, 565 (1993). This is accomplished "by placing the risk of loss on the non-accepting offeree, with no risk to the offeror." *Matthews v. Collman*, 110 Nev. 940, 950, 878 P.2d 971, 978 (1994). Thus, "the offer should be construed against [the offeror]." *McCrary v. Bianco*, 122 Nev. 102, 109, 131 P.3d 573, 577 (2006).

Here, petitioners' first offer of judgment on July 8, 2015, expired because Klaich did not accept the offer within 10 days. Pursuant to the plain language of NRCP 68(e), petitioners were not precluded from making subsequent offers of judgment. Accordingly, petitioners made an offer of judgment on December 24, 2015, and after this offer expired, petitioners made an offer of judgment on June 30, 2016, both of which clearly and explicitly stated that the offers were offers of judgment, not mere offers to settle. Additionally, petitioners' June 30, 2016 email to Klaich constituted a valid offer under *Quinlan* because the parties registered with the electronic filing system, and thus, consented to receive service electronically.

In construing the offer against petitioners, as the offerors, we conclude that based on the plain language of petitioners' last offer of judgment, petitioners extended the statutory 10-day time period for Klaich to accept. Moreover, the offer of judgment was irrevocable during the time period petitioners explicitly set forth. Therefore, petitioners made an

irrevocable offer of judgment on June 30, 2016, which expired at 5:00 p.m. on August 9, 2016. Based on the foregoing, we

ORDER the petition DENIED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:     Second Judicial District Court Dept. 8
        Durney & Brennan/Reno
        Lemons, Grundy & Eisenberg
        Washoe District Court Clerk